October 28, 2020

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE: Schulte v. BOP, 20 Civ. 2795 (PGG)

Dear Judge Gardephe,

The plaintiff respectfully submits two motions to the court accompanying this letter. First and foremost, the Metropolitan Correctional Center (MCC) incarcerating the plaintiff is currently delaying the delivery of legal and court mail for several months at a time making this litigation impossible and essentially preventing the plaintiff access to the courts. Thereto, the plaintiff moves for an injunction to compel MCC to promptly deliver legal and court mail without delay to the plaintiff.

Secondly, the plaintiff moves to compel the defendants to produce electronic discovery from the incident central to this litigation. The plaintiff and multiple lawyers sent preservation requests shortly after the March 3rd incident requesting the MCC preserve the video recordings from this date; therefore, the MCC should have preserved these videos, and if it did not there should be severe consequences. The plaintiff subsequently served the defendants with multiple discovery demands pursuant to Fed. R. Civ. P. 34 that were simply ignored. Accordingly, the plaintiff moves to compel discovery pursuant to Fed. R. Civ. P. 37(a).

Respectfully submitted,
10/29/20  Joshua Adam Schulte

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

October 28, 2020

Joshua Adan Schulte,
 Plaintiff,
—v—
Bureau of Prisons, et al.,
 Defendants.

20-CV-2795 (PGG)

p. 1/3

## MOTION FOR INJUNCTION TO COMPEL DEFENDANTS TO DELIVER LEGAL MAIL TIMELY AND WITHOUT INSPECTION

Joshua Adan Schulte, plaintiff, moves this court to compel the defendants to comply with existing federal law and Supreme Court precedent recognizing the right of access to the courts. The MCC is currently delaying the delivery of legal mail from the courts for months. The plaintiff received mail from this Court dated 9/3/20 and postmarked 9/8/20 on 10/26/20 stamped by the BOP with "Notice: Opened As General Correspondence For Special Mail Requirements. See 28 C.F.R. 540.19." This issue is a longstanding issue that the plaintiff is experienced in other civil litigations and his ongoing criminal case, and has repeatedly tried and failed to address through other means including administrative remedy. The MCC considers mail from the Courts and attorneys to be subject to inspection, and they do not recognize any responsibility to deliver the mail within a reasonable timeframe. This issue is not related to the current COVID-19 pandemic as it originates from the time the plaintiff was designated with Special Administrative Measures (SAMs) from the Attorney General.

# ARGUMENT

P. 2/3

It is well established that prisoners have a constitutional right to access the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). "The right of access to the courts requires that prisoners defending against criminal charges or convictions (either directly or collaterally) or challenging the conditions of their confinement... not be impeded from presenting these defenses and claims for formal adjudication by a court." Bourdon v. Loughren, 386 F.3d 88, 96 (2d. Cir. 2004). This right protects prisoners engaged in civil litigation against the prisons to ensure Due Process guaranteed by the Fifth Amendment. "Prisoners, like non-prisoners, have a constitutional right of access to the courts and to petition the government for the redress of grievances, and prison officials may not retaliate against prisoners for the exercise of that right." Colon v. Coughlin, 58 F.3d 865, 872 (2d. Cir. 1995). Delaying mail from this Court for months effectively denies the plaintiff access to the courts because he cannot meet court deadlines or readily engage in the litigation; indeed, the litigation will be unnecessarily delayed and the plaintiff unduly prejudiced.

The MCC's arguments for delaying mail are baseless and absurd. SAMs were imposed on Mr. Schulte with the purported goal of preventing him from communicating classified information to others (despite him never doing so). However, it is IMPOSSIBLE for Mr. Schulte to transmit classified information to others by RECEIVING MAIL from this court. Hence, this restriction is not related to a legitimate governmental objective. Furthermore, the MCC does not open, inspect, or delay court and legal mail from other inmates — it is imposed arbitrarily upon the plaintiff and other SAMs inmates. Accordingly, the MCC's inspection and delay of court and legal mail fails the Bell v. Wolfish, 441 U.S. 520 (1979), test and is unconstitutional.

# RELIEF REQUESTED

P 3/3

1.) Plaintiff requests the Court issue an injunction compelling the MCC to deliver all legal mail, defined to be mail from this court and attorneys, promptly and without inspection to the plaintiff.

2.) Plaintiff requests that the MCC document when it receives and delivers legal mail to the plaintiff through log books and established process that it already uses (albeit sparingly). This process includes documenting the date the legal mail is received and the date the legal mail is delivered to the plaintiff accompanied by his signature.

Respectfully Submitted,

Joshua Adam Schulte,
Plaintiff

*[signature]* 10/28/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

October 28, 2020

Joshua Adam Schulte,
　　　　Plaintiff,
—v—
Bureau of Prisons, et al.,
　　　　Defendants.

20-CV-2795 (PGG)

P. 1/2

## MOTION TO COMPEL (Fed. R. Civ. P. 37(a))

Joshua Adam Schulte, plaintiff, moves the Court for an order compelling the defendants to provide disclosures requested pursuant to Rule 34(b) of the Federal Rules of Civil Procedure. The defendants failed to respond within the allotted time, and therefore the plaintiff moves to compel pursuant to Rule 37(a).

## GROUNDS FOR RELIEF

Facts of the Case
1.) On 3/8/20, the plaintiff was assaulted, illegally searched, and subject to cruel and unusual punishment as outlined in the initial complaint.
2.) From 3/8/20 through 9/18/20, the Defendant and defense attorneys issued numerous preservation requests to the MCC, BOP, and Solicitor General for the preservation of the video and audio captured of the assault central to this complaint.
3.) The Plaintiff filed the complaint in April 2020.
4.) From April through 9/18/20, the Defendant issued numerous requests to the MCC, BOP, and Solicitor General for the production of the video and audio captured of the assault central to this complaint.

5.) On 9/18/20, the plaintiff served the defendants via attorney Kirti V. Reddy a renewed request under Fed. R. Civ. P. 34(b) requesting "All video and audio from Sunday, March 8, 2020 from midnight to noon of the plaintiff and all other SAMs inmates on the 10th floor of MCC-NY; the video footage should include feeds from the 10S cells, the 10S unit, 9S, th 9th floor Sally Port, R&D, and all other locations that the plaintiff and other-SAMs inmates were brought during the specified time."

6.) The defendants failed to respond within the requisite 30 days allotted by Rule 34(b)(2).

## Certificate of Compliance

7) In accordance with Rule 37(a)(1), the Movant certifies that he has attempted to resolve this dispute in good faith through multiple discovery requests to the defendants.

## Legal Standards

8.) Federal Rule 37 provides that if a party fails to make a disclosure required by Rule 34(b), any other party may move to compel disclosure and for appropriate sanctions. Fed. R. Civ. P. 37(a)(3)(A).

## Documents Requested

9.) All video and audio from Sunday, March 8, 2020 from midnight to noon of the plaintiff and all other SAMs inmates on the 10th floor of MCC-NY; the video footage should include feeds from the 10S cells, the 10S unit, 9S, the 9th floor Sally Port, R&D, and all other locations that the plaintiff and other SAMs inmates were brought during the specified time.

Respectfully Submitted,

10/28/20   Joshua Alan Schulte,
           *Joshua Schulte* Plaintiff.