```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSHUA ADAM SCHULTE,                           :

                                               :    ORDER
                    Plaintiff,                      20 Civ. 2795 (PGG) (GWG)
                                               :
    -v.-
                                               :
BUREAU OF PRISONS, et al.,
                                               :

                    Defendants.                :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      The Court is in receipt of plaintiff's letter, dated October 28, 2020, attaching documents that purport to be a motion for an injunction and a motion to compel. Letter from Joshua Adam Schulte, filed November 23, 2020 (Docket # 21).

      As for the motion for an injunction, the allegations and relief discussed in that document have nothing to do with the allegations of the complaint in this case. The complaint relates to an event in which plaintiff alleges excessive force was used against him by prison officials on March 8, 2020. See Complaint, dated April 2, 2020 (Docket # 1) at Part IV.D. The motion for an injunction, by contrast, relates to delays plaintiff has experienced in receiving legal mail, which plaintiff alleges is a longstanding and ongoing issue. (See Docket # 21 at 1). As a separate but equally serious problem, all defendants other than the "John Doe" defendants involved in the assault have been dismissed from this case. See Order, dated June 29, 2020 (Docket # 9). Thus, there is no defendant against whom injunctive relief could even be awarded.

      Because it is not legally possible to obtain injunctive relief with respect to conduct that is not germane to the complaint and against defendants who are not alleged to have committed acts giving rise to the request for an injunction, the Court construes plaintiff's filing as a motion to amend his complaint to make claims regarding his receipt of legal mail. We so construe it because the filing of an amended complaint would have to be the first step in any request for injunctive relief relating to claims not contained in the existing complaint. A motion to amend, however, must be accompanied by a proposed amended complaint and any such complaint must name the proper defendant or defendants. Because no such proposed amended complaint has been filed, the Court must deny the putative motion to amend.

      Plaintiff is free to file an amended complaint at any time without making a motion since he was explicitly been given permission to do so as stated in Judge Gardephe's Order of June 29, 2020 (Docket # 9). He also has the right to do so under Fed. R. Civ. P. 15(a)(1)(B) in light of the fact that none of the defendants have ever filed a response to the complaint. But given that the newly-alleged facts differ substantially from those alleged in the complaint, plaintiff should be

aware that he is also free to file a new case raising the new claims.[1]

With regard to plaintiff's motion to compel, the motion is denied. As the Court has previously ruled, no discovery requests can be made to parties until after a defendant has been named and has responded to the complaint. This has not yet occurred in this case.

Finally, the Court notes that the June 29, 2020 Order instructed plaintiff to file an amended complaint within 30 days of receiving information as to the identity of the unknown defendants. The Government supplied the identities of the unknown defendants on October 28, 2020. See Letter from Kirti V. Reddy, dated October 28, 2020 (Docket # 20). Thus, plaintiff should have filed an amended complaint naming the defendants by November 27, 2020.[2] As of today, no such amended complaint has been filed.

Rather than dismiss the case because of the failure to meet the deadline, however, the Court will grant plaintiff an additional extension until December 23, 2020, to file any amended complaint naming the newly-identified defendants. The plaintiff is reminded that the amended complaint will replace, not supplement the original complaint, and thus the amended complaint must allege all relevant facts and name all proper defendants. Once plaintiff has filed an amended complaint, the Court will, if appropriate, issue an order directing the Clerk of Court to complete the necessary paperwork and to deliver it to the U.S. Marshal Service so that it can effectuate service on the newly-named defendants.

The Clerk is requested to mail a copy of this Order to the pro se plaintiff.

SO ORDERED.

Dated: December 2, 2020
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] If plaintiff in fact wishes to file a motion for injunctive relief without seeking to move to amend, the Court will not prevent the plaintiff from doing so in a new filing. The result, however, will likely be that the motion would be denied for the reasons stated above.

[2] The Court notes that the Government was unable to identify one of the unknown defendants. Since it appears that this individual may never be identified, plaintiff should proceed against the individuals who have been identified. Should the unidentified individual later be identified, plaintiff may move to amend the complaint to add this individual as a defendant.