

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

April 16, 2021

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
40 Foley Square
New York, New York 10007

    Re:    *Schulte v. BOP*, 20 Civ. 2795 (PGG) (GWG)

Dear Judge Gorenstein:

    I write respectfully on behalf of the federal defendant ("the Government") in response to the Court's order dated March 31, 2021, directing the Government to address Plaintiff's March 16, 2021 letter. [ECF Nos. 34, 35]. Specifically, Plaintiff alleges that he is not receiving his mail timely. Plaintiff requests that the Court compel MCC to stop "forwarding mail from the courts, government, or clerks office to MCC SIS [Special Investigative Service] for review", and compel "MCC to log all court mail once he receives it, just as it does for legal and certified mail." [ECF No. 34]. Plaintiff's requests should be denied for the reasons stated below.

    As an initial matter, pursuant to 28 C.F.R. §501.3, Special Administrative Measures ("SAM") are implemented regarding Schulte's confinement because of his high-risk detainee status. This includes his mail handling. According to BOP, the process is implemented because there is a substantial risk that a prisoner's communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons. Specifically, BOP has determined that there is a danger that Plaintiff will disclose classified information. This unauthorized disclosure of classified information would pose a threat to the national security of the United States; the SAM provisions regarding Schulte's mail handling are reasonably necessary to prevent disclosure of such information. Thus, mail relating to Plaintiff arrives in the MCC New York Mail room, then goes to both the SIS and the FBI for inspection before it is released to the unit team to deliver to the inmate. Generally, the last step in this process of the mail going from the unit team to the inmate takes a few days.[1] BOP opens a SAM inmate's legal mail in his presence.

    With regard to the delay in the delivery of his mail, Plaintiff specifies that (i) there were two letters issued by the Court, postmarked January 29, 2021, and February 5, 2021, and that he did not receive them until February 25, 2021, and (ii) there was a letter postmarked March 3, 2021, that he did not receive until March 16, 2021. The MCC does not maintain records of the

---

[1] In the March 1, 2021 letter to the Court, the Government represented that there is a delay of a few days in delivering Plaintiff's mail due to screening administered by the SIS office. [ECF No. 29]. To clarify, the entire screening process from the time the mail arrives at the MCC to delivery to Plaintiff could take up to a few weeks. The last step in the process, which is the mail going from the unit team to the inmate, could take a few days.

postmarking of mail, and therefore is unable to verify this information.  Plaintiff also alleges a delay in the receipt of:  (i) a letter from the U.S. Attorney's office, postmarked September 28, 2020, that he did not receive until November 11, 2020; and (ii) a letter from the Court postmarked September 28, 2020, that he did not receive until November 11, 2020.  Plaintiff attaches photocopies of two envelopes with his letter that reflects this information.  The BOP does not dispute that the two envelopes were marked as received by the mailroom on September 29, 2020, and September 30, 2020, based on the writing on the envelopes.  The envelopes also state that both of the mailings were delivered to Plaintiff on November 11, 2020, and a BOP officer noted that as such on the envelope.  While the postmark date on the envelopes does not appear to be handwritten by a BOP officer and its accuracy is not known, BOP does concede that these two pieces of mail took more than a few days to be delivered to Plaintiff.  BOP believes that this was an unusual situation and is taking steps to ensure Plaintiff receives his mail in a timely manner.

Plaintiff's request that the Court compel MCC to stop "forwarding mail from the courts, government, or clerk[']s office to MCC SIS [Special Investigative Service] for review" should be denied.  As noted above, Plaintiff has been deemed to be a high-risk detainee, and screening of his mail is done to protect the national security.  To the extent Plaintiff seeks that MCC revise its procedures for him specifically, doing so would be impractical.  MCC handles mail for approximately 800 inmates, and it cannot make adjustments for a specific inmate.  Plaintiff's mail is being handled in accordance with regulations and BOP policies and program statements.

We thank the Court for its consideration of this matter.

               Respectfully submitted,

               AUDREY STRAUSS
               United States Attorney
               Southern District of New York

By:   *Kirti Reddy*
      KIRTI V. REDDY
      Assistant United States Attorney
      Telephone:  (212) 637-2751
      Facsimile: (212) 637-2786
      E-mail: kirti.reddy@usdoj.gov

cc:    (via first class mail)
       Joshua Schulte
       No. 79471-054
       MCC New York
       150 Park Row
       NY, NY 1007