8/19/21

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
40 Foley Square
New York, New York 10007

RE: *Schulte v. BOP*, 20 Civ. 2795 (PGG) (GWG)

**MOTION TO COMPEL THE MCC TO DELIVER ALL COURT CORRESPONDENCE AND LEGAL MAIL PROMPTLY**

Judge Gorenstein:

I move to compel the MCC to deliver all court correspondence and legal mail promptly. I include herein this same motion from my criminal docket, *United States of America v. Joshua Adam Schulte*, 17 Cr. 548 (PAC) (S.D.N.Y.), Dkt. # 491, filed August 3, 2021. The motion is attached as Exhibit A. In lieu of including the 27 exhibits clearly showing mail delay, I ask the Clerk or Magistrate to copy the filing to this docket and/or otherwise incorporate those exhibits here. While Judge Crotty takes his sweet time to rule, this Court should also consider the motion as the damages caused by 60-day mail delay reach into all pending cases. I would also like to reply to the government's letter dated June 1, 2021.

First, I ask the court to remind the defendants that they must serve me with a copy of their letters—I cannot review filings as I have no access to the internet or an updated docket. The defendants did not serve me a copy of their June 1, 2021 letter, and I was compelled to request this court mail me a copy—resulting in a THREE MONTH DELAY of my response.

Second, I want to notify the court that the government's June 1st letter contained outrageous lies; I have never tried to smuggle anything into the MCC: the government has never charged me with any crime alleging the smuggling of contraband, and the MCC has never issued me any citation for smuggling contraband—in fact, the MCC has never issued me a single disciplinary infraction. Accordingly, this allegation is an outrageous lie. It is insulting enough to be falsely accused of multiple crimes, let alone falsely accused of utter bullshit that the government has never alleged or formally charged.

Third, I want to note to the court that the government plainly admits to delaying legal mail SENT TO ME FROM THE COURT so the SIS and FBI can inspect this mail which "sometimes takes a few weeks." This is absolutely absurd. No matter what crime the government alleges against me, there is literally **NO JUSTIFICATION FOR DELAYING MAIL SENT *TO* ME**; how could I possibly distribute classified information by RECEIVING MAIL. It defies all logic.

Fourth, the government claims that they cannot determine the postmark of a letter because "the MCC does not maintain records of the postmarking of mail, and therefore is unable to verify the date the letter was postmarked." This argument literally makes no sense. If the MCC were to maintain records of postmarked mail, they would simply look at the letter to determine the postmark date—there is no other way to "document the postmark." Thus, the Court and everyone else can determine the postmark date for themselves by simply reading the postmark date. The exhibits I have mailed to this court, including the 27 exhibits in the motion filed in my criminal case very clearly show the postmark date as marked by the postal service. And the government readily admitted the specific letter postmarked April 2, 2021 (as any can see) was delayed until May 5, 2021.

Nor is the issue resolved. See Ex. B for the latest three-week delayed letter. It does not take any intelligence to look at the top right, see the postmark date of July 29, 2021, then move our eyes to the bottom and see the "Provided 8/19/2021" written by the 10South Unit Manager Reid. See Ex. C for a blown up version. There can be no mistake what's going on here.

Fifth, the government claims that the "Plaintiff [has not] identified any prejudice that he has suffered as a result of the delays." This must be a joke, as I have complained about this THROUGHOUT THIS CASE and suffered EXTREME PREJUDICE in that this case was *nearly dismissed* due to the government's interception and delay of the mail sent to me. See Order dated 1/25/21 (Dkt. 23) and 3/2/21 (Dkt. 30); See complaints of mail delay, Dkt. 21, 24, 31, 34, 38, 39, 40, 43, 53. This court nearly dismissed this entire case due to the MCC's delay and "misplacement" of mail from the courts—if I was not lucky enough to have you, magistrate Gorenstein, perhaps another magistrate would have dismissed this case. Furthermore, this delay in mail has actually cost me dismissals of appeals in the court of appeals and renders all attempts to engage in meaningful litigation futile.

As argued in the motion filed in my criminal case, the right of access to the courts clearly implies a right of contemporaneous access since extreme delays result in an inability to file documents on time and ultimately results in unnecessary delay and the effective denial of access to the courts. Furthermore, the *Bell v. Wolfish*, 441 U.S. 520 (1979), test fails as delaying mail SENT TO ME is not predicated on any legitimate governmental objective.

I ask this Court to review the motion filed in the criminal case and my extended arguments to this specific case as expanded here. I ask the court to grant

the same relief requested in that motion. I believe I have been extremely patient, I have documented the problem and extreme prejudice resulting from the problem, and my requested relief is reasonable as well as firmly rooted in the established precedent. I beg the Court to please grant my relief so I can finally engage in meaningful litigation here. If the Court refuses to grant the requested relief I will have no choice but to pursue mandamus with the court of appeals or an interlocutory appeal, depending on this Court's stated reasoning for denying relief, which will ultimately only harm me as it will exasperate the delay problems in the court of appeals and further prolong and delay this litigation.

Thanks,

Josh Schulte 8/19/21

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

JOSHUA ADAM SCHULTE,

*Defendant.*

S3 17 Cr. 548 (PAC)

**MOTION TO COMPEL THE MCC TO DELIVER ALL COURT CORRESPONDENCE AND LEGAL MAIL PROMPTLY**

Joshua Adam Schulte
Slave #79471054
Metropolitan Concentration Camp (MCC)
150 Park Row
NY, NY 10007

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................ 1
II. STATEMENT OF FACTS ........................................ 2
III. CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS ........................................ 5
IV. CONCLUSION ........................................ 7

## I. PRELIMINARY STATEMENT

Joshua Adam Schulte respectfully moves this court to order the MCC to deliver all court correspondence and legal mail promptly. Ever since the imposition of Special Administrative Measures (SAMs) on November 1, 2018, the MCC has delayed all court correspondence and legal mail for months, presumably to send it to the FBI. This delay is obstructing Mr. Schulte's right of access to the courts because it effectively prevents him from accessing the courts at all; motions and letters fail to reach Mr. Schulte in a timely manner to allow him to meet court deadlines. Appeals and motions have even been thrown out due to the MCC's meddling.

## II. STATEMENT OF FACTS

The MCC's deliberate delay of court correspondence and legal mail mostly went unnoticed until Mr. Schulte filed a civil case in the spring of 2019; *Schulte v. Attorney General of the United, et al.*, 19-CV-3346 (S.D.N.Y. 2019, Crotty, J). The MCC delivered mail delayed by months, but did not document the delays. Initial mail delays were noted on the envelope by Mr. Schulte, but since the MCC did not document the delivery of this mail, there can be no verification from the MCC. However, as the delays persisted, Mr. Schulte requested the 10S Unit Manager to sign and date all mail when delivered to Mr. Schulte. The following are some of the documented proof of deliberate mail delays by the MCC.

9/23/19: Court of Appeals requests Notice of Appearance by 10/1/19; received **16 days later** on 10/9/19, *after deadline already expired*. See Ex. A.

10/24/19: Court of Appeals; received **26 days later** on 11/19/19. See Ex. B.

11/4/19: AUSA motion in opposition; received **15 days later** on 11/19/19, *after deadline to file motion in Reply*; forced to file extra motion for permission to file late. See Ex. C.

12/5/19: Court of Appeals requests cure defective document by 1/4/19; received **28 days later** on 1/2/20, *2 days before deadline*. Results in motion stricken from the record. See Ex. D.

1/31/20: Court of Appeals requests cure defective document by 2/21/20; received **38 days later** on 3/10/21, *after deadline already expired*. Results in motion stricken from the record. See Ex. E.

2/26/20: Court of Appeals Strike Order (see above); received **25 days later** on 3/23/20. See Ex. F.

3/20/20: Court of Appeals; received **48 days later** on 5/7/20. See Ex. G.

4/2/20: Court of Appeals; received **35 days later** on 5/7/20. See Ex. H.

4/9/20: Court of Appeals; received **28 days later** on 5/7/20. See Ex. I.

9/11/20: Federal Defenders critical legal documents; received ***61 days later*** on 11/11/21. See Ex. J.

9/26/20: United States Attorney's Office; received by MCC 3 days later on 9/29/20, but not delivered to Mr. Schulte until **46 days later** on 11/11/20. See Ex. K.

9/28/20: district court; received by MCC 2 days later on 9/30/20, but not delivered to Mr. Schulte until **44 days later** on 11/11/20. See Ex. L.

10/5/20: Supreme Court; received **37 days later** on 11/11/20. See Ex. M.

10/5/20: Bureau of Prisons BP-10 denial; received by MCC 4 days later on 10/9/20, but not delivered to Mr. Schulte until **37 days later** on 11/11/20, after deadline to file appeal. Results in dismissed administrative remedy. See Ex. N.

10/5/20: Supreme Court; received by MCC 4 days later on 10/9/20, but not delivered to Mr. Schulte until **37 days later** on 11/11/20. See Ex. O.

10/29/20: United States Attorney's Office; received **27 days later** on 11/25/20. See Ex. P.

12/7/20: district court; received **44 days later** on 1/20/21. See Ex. Q.

3/16/21: Court of Appeals requests Notice of Appearance by 3/30/21; received **37 days later** on 4/22/21, *after deadline already expired*. See Ex. R.

3/25/21: Federal Defenders critical legal documents; received **41 days later** on 5/5/21. See Ex. S.

4/2/21: district court; received **33 days later** on 5/5/21. See Ex. T.

4/2/21: United States Attorney's Office; received **33 days later** on 5/5/21. See Ex. U.

4/6/21: Court of Appeals requests Notice of Appearance by 4/27 or else Appeal will be dismissed; received **29 days later** on 5/5/21, *after deadline already expired.* **RESULTS IN DISMISSAL OF ENTIER APPEAL.** See Ex. V.

5/25/21: Court of Appeals requests cure defective motion to reinstate by 6/10/21; received **20 days later** on 6/14/21, *after deadline already expired.* **RESULTS IN MOTION TO REINSTATE STRICKEN FROM RECORD.** See Ex. W.

6/10/21: district court; received **11 days later** on 6/21/21. See Ex. X.

6/10/21: Court of Appeals requests Notice of Appearance by 6/24/21; received **11 days later** on 6/21/21, *3 days before deadline*. See Ex. Y.

6/17/21: district court; received **20 days later** on 7/7/21. See Ex. Z.

7/1/21: Court of Appeals requests Notice of Appearance by 7/22/21 or else Appeal will be dismissed; received **20 days later** on 7/21/21, *1 day before deadline*. Result unknown. See Ex. AA.

## III. CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS

It is well established that prisoners have a constitutional right to access the courts. *Bounds v. Smith*, 430 US 817, 821 (1977). "The right of access to the courts requires that prisoners defending against criminal charges or convictions (either directly or collaterally) or challenging the conditions of their confinement... not be impeded from presenting those defenses and claims for formal adjudication by a court." *Bourdon v. Loughren*, 386 F.3d 88, 96 (2d Cir. 2004).

Over the past three years, the MCC has deliberately obstructed Mr. Schulte's right of access to the courts by delaying all mail to Mr. Schulte by months. Out of the 27-letter sample size over the past 3 years, the MCC delays mail from the courts on an average of 31.4 days with a standard deviation of 12.1. The mode is 37 days, median is 33 days, and longest delay was 61 days. Delaying mail from this court for months effectively denies Mr. Schulte access to the courts because he cannot meet court deadlines or readily engage in the litigation; indeed, the litigation will be unnecessarily delayed and Mr. Schulte unduly prejudiced.

The MCC's arguments for delaying mail are baseless and absurd. Special Administrative Measures were imposed on Mr. Schulte with the purported goal of preventing him from communicating classified information to others (despite him never doing so). However, it is *impossible* for Mr. Schulte to transmit classified information to others by RECEIVING MAIL from this court. Hence, this restriction is not related to a legitimate governmental objective. Furthermore, the MCC does not open, inspect, or delay court and legal mail from other inmates—it is imposed arbitrarily upon Mr. Schulte and other SAMs inmates. Accordingly, the MCC's inspection and delay of court and legal mail fails the *Bell v. Wolfish*, 441 U.S. 520 (1979), test and is unconstitutional.

RELIEF REQUESTED

1.) Mr. Schulte requests the Court issue an injunction compelling the MCC to deliver all court correspondence and legal mail (to include, *inter alia*, the district courts, courts of appeals, supreme court, United States Attorney's office, Standby Counsel) promptly and without inspection to Mr. Schulte.

2.) Mr. Schulte requests that the MCC document when it receives and delivers legal mail to Mr. Schulte through log books and established process that it already uses for legal mail. This process includes documenting the date the legal mail is received and the date the legal mail is delivered to Mr. Schulte accompanied by both Mr. Schulte's signature and the deliverer's signature.

3.) Any delays of court correspondence or legal mail exceeding 3 days after the MCC receives the mail should require the MCC to write the Court and explain the reason for the delay.

## IV. CONCLUSION

For these reasons, the Court should grant the requested relief.

Dated: New York, New York
August 2, 2021

Respectfully submitted,

Joshua Adam Schulte
Slave #79471054
Metropolitan Concentration Camp (MCC)
150 Park Row
NY, NY 10007

# EXHIBIT B

CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
U.S. COURTHOUSE
300 QUARROPAS STREET
WHITE PLAINS, NY 10601
OFFICIAL BUSINESS
WESTCHESTER NY 105
30 JUL 2021 PM 2 L
Notice: Opened As General Correspondence
For special Mail Requirements
See 28 CFR 540.19
LEGAL MAIL
SPECIAL MAIL - OPEN ONLY
IN PRESENCE OF INMATE
105
Joshua Adam Schulte
Reg. No. 79471-054
MCC New York
150 Park Row
New York NY 10007

# EXHIBIT C

<␀>OK</␀>
<␀></␀>
<␀></␀>
<␀></␀>



Josh Schulte #79471054
MCC
150 Park Row
NY, NY 10007

ATTN: Magistrate Gorenstein, Case 20-CV-2795
Pro Se Intake Office
United States District Court
500 Pearl Street
NY, NY 10007