UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSHUA ADAM SCHULTE,  :

       Plaintiff,

  -v.-  :  ORDER

    :  20 Civ. 2795 (PGG) (GWG)

BUREAU OF PRISONS, et al.,  :

       Defendants.  :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Joshua Adam Schulte, currently incarcerated pending trial at Metropolitan Correctional Center ("MCC"), brought this action pro se alleging tortious conduct and violations of his constitutional rights by correctional officials in relation to an incident that occurred at the MCC on the morning of March 8, 2020.  See Amended Complaint, filed March 29, 2021 (Docket # 33) ("Am. Comp.").

      Since filing this action, Schulte has made several complaints regarding the delivery of his mail (Docket ## 21, 24, 31, 34, 38, 39, 40, 43, 65).  The Government has responded that Schulte's mail is being reviewed prior to delivery pursuant to "special administrative measures" ("SAMs") authorized under  28 C.F.R. § 501.3.  See Letter from Kirti Reddy, filed June 1, 2021 (Docket # 42), at 1.  The Government argues that the SAMs are necessary because of the pending criminal charges against Schulte, which arise from Schulte's alleged disclosure of classified information, and that "there is a substantial risk that [Schulte's] communications will pose a threat to the national security of the United States."  Id.

      This case is not brought as a challenge to those measures.  Instead, the case relates only to a March 2020 incident during which several correctional officers allegedly used excessive force against Schulte.  See Am. Comp., at 5-11.  Although Schulte does not address the legal basis for his request, we assume that the Court could address this matter based on its power under the All Writs Act, 28 U.S.C § 1651, which permits a court in its "sound judgment," to issue orders necessary "to achieve the rational ends of law" and "the ends of justice entrusted to it." United States v. N.Y. Tel. Co., 434 U.S. 159, 172–73 (1977) (quoting Harris v. Nelson, 394 U.S. 286, 299 (1969); Adams v. United States ex rel. McCann, 317 U.S. 269, 273 (1942)) (internal quotation marks omitted).

      The Government has given a plausible explanation for its review of Schulte's mail and the Court does not believe it appropriate to exercise its power under the All Writs Act to interfere in that process without proof that the delays are materially interfering with Schulte's ability to pursue this civil matter.  There has been no showing of a special urgency to resolve this case and, by Schulte's own characterization, the delays in receiving correspondence that Schulte has

experienced since May 2021 have ranged from 11 to 20 days.  See Docket # 65, at 11.  The Court will take the potential for these delays into account when setting and enforcing deadlines in this litigation in the future.

    The Clerk of Court is directed to mail a copy of this Order to plaintiff.

    SO ORDERED.

Dated: September 2, 2021
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge