

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 11, 2021

**VIA ECF**
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, N.Y. 10007

    Re:    *Schulte v. Bureau of Prisons et al.,* 20 Civ. 2795 (PGG) (GWG)

Dear Judge Gorenstein:

    We represent defendants Timothy Valentine, John Barrett, Michael Sinkovich, Mark Burns, Michael Getchey, Brian Thiroway, and Jamey Welch (the "Individual Defendants"), as well as defendant United States of America, in the above-captioned action. On behalf of the Individual Defendants, I write respectfully pursuant to the Court's October 4, 2021, Order, Dkt. No. 74, to respectfully request that the Court enter a stay of discovery while the Individual Defendants' motion to dismiss is pending, Dkt. No. 72. A stay is appropriate here because plaintiff has failed to plead a legally cognizable claim against the Individual Defendants, and because there is good cause to stay discovery under Federal Rule of Civil Procedure 26(c).

    **A.  Plaintiff Fails to State a Claim Against the Individual Defendants**

    Plaintiff alleges, *inter alia*, that on March 8, 2020, at the Metropolitan Correctional Center, the Individual Defendants retaliated against him for his alleged possession of child pornography by using excessive force when searching plaintiff's cell, conducted a result of BOP officials' suspicion that a gun had been smuggled into the facility. *See* Dkt. No. 33. Plaintiff asserts personal-capacity claims against the Individual Defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of the First, Fourth, Fifth, and Eighth Amendments. *See id.* Plaintiff also asserts claims against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq*. *See id.*

    On September 27, 2021, the Individual Defendants moved to dismiss the claims against them, asserting that Plaintiff fails to state a *Bivens* claim because the Supreme Court has not recognized a *Bivens* remedy against federal officials under the circumstances alleged here, and special factors counsel hesitation against implying one. *See* Dkt. No. 72 at 1, 9-14. Specifically, the Individual Defendants explain that, since *Bivens*, the Supreme Court has implied a *Bivens* remedy in only two other cases: where an employee of a congressman alleged she was wrongfully fired because of her gender, *Davis v. Passman,* 442 U.S. 228, 230 (1979), and where plaintiff alleged prison officials denied an inmate timely medical attention, *Carlson v. Green*, 446 U.S. 14,

16 n.1 (1980). In 2017, the Supreme Court clarified that there had been a "notable change to the Court's approach to recognizing implied causes of action" following *Bivens*, noting the consistent "caution" expressed by the Court on the occasions it has taken up the issue. *Zigler v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (citing eight instances from 1983 through 2012 where the Supreme Court declined to extend *Bivens* to a new context or new category of defendants). The Court directed courts to conduct a two-part inquiry to determine whether a *Bivens* remedy may be available in any given case. First, a court must determine whether the "case presents a new *Bivens* context." 137 S. Ct. at 1859–60 (narrowly defining the three previous contexts in which it recognized a *Bivens* claim). Second, if a case presents a new *Bivens* context, then the court must evaluate whether "there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Id*. at 1857 (quoting *Carlson*, 446 U.S. at 19). Those special factors include whether Congress has created "any alternative, existing process for protecting the injured party's interest." *Id.* at 1858 (citation omitted).

In this case, as explained in the Individual Defendants' motion to dismiss, plaintiff's allegations fail on both queries. First, plaintiff's allegation that his constitutional rights were violated when the Individual Defendants allegedly used excessive force against him, in retaliation for his alleged possession of child pornography, is meaningfully different from previous *Bivens* cases decided by the Supreme Court, both in terms of the constitutional right asserted and the factual circumstances at issue. *See* Dkt. No. 72 at 8-12. Second, Congress specifically provided an alternative remedy for plaintiff's alleged injuries: the Federal Tort Claims Act (providing for monetary damages for certain types of intentional torts committed by federal officials, including "assault" and "battery," 28 U.S.C. § 2680(h)), and the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e ("PLRA"). *See* Dkt. No. 72 at 12-15. Indeed, plaintiff allegedly adhered to the PLRA's administrative requirements and has asserted FTCA claims in this case, thus pursuing an alternative remedy for his alleged injuries. *See id.* Accordingly, plaintiff has failed to state a claim against the Individual Defendants and his claims should be dismissed. *See generally id.*

### B. The Court Should Stay Discovery

There are two independent reasons to stay discovery in this case.

First and most fundamentally, because plaintiff has failed to plead legally cognizable claim against the Individual Defendants, plaintiff is not entitled to discovery while the Individual Defendants' motion to dismiss is pending. "A plaintiff who has failed adequately to state a claim is not entitled to discovery." *Main St. Legal Servs. v. NSC, 811* F.3d 542, 567 (2d Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)). Simply put, "a plausible claim must come *before* discovery, not the other way around." *Angiulo v. County of Westchester*, No. 11 Civ. 7823, 2012 WL 5278523, at *3 n.4 (S.D.N.Y. Oct. 25, 2012) (emphasis in original); *see also Techreserves Inc. v. Delta Controls*, *Inc*., 13 Civ. 752, 2014 WL 1325914, at *11 (S.D.N.Y. Mar. 31, 2014) ("As Plaintiff has not pleaded facts sufficient to render the conclusory allegations . . . plausible, it is not entitled to engage in discovery in order to determine whether it can state a plausible claim."); *Podany v. Robertson Step hens, In*c., 350 F. Supp. 2d 375, 378 (S.D.N.Y.2004) ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim."); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 558 (2007) (costs of modern litigation

"counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint") (internal citation omitted)). Indeed, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff" who cannot state a claim for relief. *Iqbal*, 556 U.S. at 678-79. Here, as outlined in the Individual Defendants' motion to dismiss, plaintiff cannot state a claim for relief against them regardless of any evidence that might be developed in discovery, because his *Bivens* claims against the Individual Defendants are simply not cognizable. A stay of discovery is appropriate on that basis alone. *See, e.g., Podany*, 350 F. Supp. 2d at 378.

Second, even aside from the stay necessitated by the fact that plaintiff cannot "unlock the doors of discovery" based on a legally insufficient claim, *Iqbal*, 556 U.S. at 678-79, a stay of discovery is also appropriate under Rule 26(c) of the Federal Rules of Civil Procedure. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc*., 676 F.3d 83, 96 (2d Cir. 2012) (citation omitted). "Upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (brackets and quotation marks omitted); *see also Fed. Trade Comm'n v. Vyera Pharms.*, LLC, No. 20CV00706 (DLC), 2021 WL 76336, at *1 (S.D.N.Y. Jan. 8, 2021) ("A district court has discretion to stay discovery for "good cause" pursuant to Rule 26 of the Federal Rules of Civil Procedure."). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). This is particularly vital where, as here, there are "substantial arguments for dismissal." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quotation marks omitted). Thus, in an action like this one, where a "potentially dispositive motion[]" is pending, which presents "substantial" grounds for dismissal; the "proposed length of the stay is limited to the time required for the Court to decide the motions"; and the plaintiff cannot show that he "would be prejudiced by a stay of discovery," a stay is appropriate. *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2-3 (S.D.N.Y. June 12, 2008).

For the reasons set forth above, the Individual Defendants respectfully request that the Court stay discovery in this matter while their motion to dismiss is pending.

We thank the Court for its consideration of this submission.

                                          Respectfully,

                                          DAMIAN WILLIAMS
                                          United States Attorney
                                          Southern District of New York

By:    */s/ Ellen Blain*
          ELLEN BLAIN
          TARA SCHWARTZ
          Assistant United States Attorney
          86 Chambers Street, Third Floor
          New York, New York 10007
          Tel.: (212) 637-2743/2633
          Email: ellen.blain@usdoj.gov
                    tara.schwartz@usdoj.gov

Cc: (via certified mail, to be mailed on October 12, 2021, after the federal holiday dated today, October 11, 2021)

Joshua Adam Schulte
Reg. No. 79471-054
MCC New York
150 Park Row
New York, NY 1000