

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 18, 2022

**VIA ECF**
The Honorable Paul G. Gardephe
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Schulte v. Bureau of Prisons et al.*, 20 Civ. 2795 (PGG) (GWG)

Dear Judge Gardephe:

      We represent defendants Timothy Valentine, John Barrett, Michael Sinkovich, Mark Burns, Michael Getchey, Brian Thiroway, and Jamey Welch (the "Individual Defendants"), as well as the United States of America (the "United States," and together with the Individual Defendants, the "Defendants"), in the above-referenced action.  We submit this pre-motion letter, in accordance with Rule IV.A of the Court's Individual Rules of Practice in Civil Cases, and in lieu of the scheduling order the parties are required to submit today, to respectfully set out the basis for the Defendants' anticipated pre-discovery motion for summary judgment and to request that the Court enter a briefing schedule for such motion.  As explained in further detail below, Defendants seek to file a summary judgment based on video footage capturing the Individual Defendants' interaction with Plaintiff Joshua Schulte ("Plaintiff") on March 8, 2020, that is the subject of the complaint.

      **Background**

      Plaintiff filed this action against the United States, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, as well as against the Individual Defendants, who are Federal Bureau of Prisons ("BOP") corrections officers, pursuant to the doctrine of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (ECF No. 33).  Plaintiff claims that on March 8, 2020, at the Metropolitan Correctional Center ("MCC"), the Individual Defendants searched his person and cell in response to the threat of a gun inside MCC.  (*See id.* at 5-11).  Plaintiff alleges that the Individual Defendants used excessive force during the search, which caused him multiple injuries including a dislocated shoulder and cut wrists.  (*See id.*).

      The Individual Defendants moved to dismiss the *Bivens* claims against them on September 27, 2021, on the grounds that Plaintiff does not have a *Bivens* remedy for his excessive force claim.  (ECF No. 71-72).  On April 18, 2022, Magistrate Judge Gorenstein denied the Individual Defendants' motion to stay discovery while their motion to dismiss was being considered, and

ordered the parties to submit a discovery plan pursuant to Rule 26 of the Federal Rules of Civil Procedure.  (*See* ECF No. 92).

Counsel for the Defendants conferred with Plaintiff by telephone on May 5, 2022.  During that call, counsel for Defendants informed Plaintiff that they would seek to move for summary judgment based on the video footage of the relevant search.  Plaintiff consented to Defendants' proceeding in this manner, so long as he was provided the relevant footage.  On May 13, 2022, counsel for Defendants mailed Plaintiff CDs containing the video footage from the March 8, 2020, search.

On May 10, 2022, Magistrate Judge Gorenstein issued a report and recommendation recommending the dismissal of the *Bivens* claims against the Individual Defendants.[1]  (ECF No. 93).

**Legal Standard for Summary Judgment**

"Rule 56(b) permits motions for summary judgment 'at any time until 30 days after the close of all discovery,'" including "prior to discovery."  *Ali v. City of New York*, No. 11 Civ. 5469 (LAK), 2012 WL 3958154, at *3 n.10 (S.D.N.Y. Sept. 5, 2012) (quoting Fed. R. Civ. P. 56(b)); *see* Fed. R. Civ. P. 56, Committee Notes on Rules—2009 Amendment ("The new rule allows a party to move for summary judgment at any time, even as early as the commencement of the action.").

"Although on summary judgment the evidence must be viewed in the light most favorable to Plaintiff[ ] as the non-moving part[y], when there is reliable objective evidence—such as a recording—the evidence may speak for itself."  *Marcavage v. City of New York*, 689 F.3d 98, 110 (2d Cir. 2012) (rejecting plaintiffs' "characteriz[ation of] their behavior toward the [arresting] officers as cordial" because "audio recording show[ed] indisputably that they were neither courteous nor compliant") (citing *Scott v. Harris*, 550 U.S. 372, 378-81 (2007) (rejecting non-movant's account of police chase because it was "so utterly discredited by the [video recording] that no reasonable jury could have believed him")).

This rule stems from *Scott v. Harris*, in which the Supreme Court reversed the denial of summary judgment on excessive-force claims on the grounds that a "videotape capturing the events in question" "utterly discredited" the non-moving party's version of events.  550 U.S. at 378–81.  The Supreme Court held that where the non-moving party's "version of the facts" is "blatantly contradicted" by video evidence in the record, such that "no reasonable jury could believe it," the facts should be viewed "in the light depicted by the videotape" and summary judgment is required.  *Id*. at 380–81.

Following *Scott*, courts in this Circuit have repeatedly granted summary judgment where "reliable objective evidence," such as a video recording, disproves the plaintiff's version of

---

[1]  Should this Court adopt the report and recommendation and dismiss the Individual Defendants from this action, then the anticipated summary judgment motion will be on behalf of the United States only.

events—including in cases asserting unreasonable or excessive force. *Marcavage*, 689 F.3d at 110; *see also, e.g.*, *Kalfus v. N.Y. & Presbyterian Hosp.*, 476 F. App'x 877, 880–81 (2d Cir. 2012); *Berman v. Williams*, No. 17 Civ. 2757 (JGK), 2019 WL 4450810, at *7 (S.D.N.Y. Sept. 17, 2019) (granting summary judgment where video evidence "undermines the plaintiff's claim that the defendants used excessive force"); *Lin v. City of New York*, No. 14 Civ. 9994 (PAE), 2016 WL 7439362, at *11–12 (S.D.N.Y. Dec. 21, 2016) (granting summary judgment where video evidence "refutes" plaintiff's allegations of excessive force).

Further, because objective video evidence "speak[s] for itself" and "dooms" allegations to the contrary, *Marcavage*, 689 F.3d at 110, courts routinely grant summary judgment prior to discovery where there is video footage that "blatantly contradict[s]" the allegations in the plaintiff's complaint. *See Oakley v. MSG Networks*, No. 17 Civ. 6903 (RJS), 2021 WL 5180229, at *5 (S.D.N.Y. Nov. 8, 2021) (granting summary judgment to defendants on assault and battery claim based on surveillance video despite plaintiff's claimed need for discovery); *Angula v. Brown*, 978 F.3d 942, 950–52 (5th Cir. 2020) (affirming grant of summary judgment on excessive-force claims prior to discovery where video evidence "blatantly contradicted" plaintiff's allegations); *see also, e.g.*, *Aldridge v. City of Warran*, 682 F. App'x 461, 463–65 (6th Cir. 2017) (affirming grant of summary judgment on excessive-force claims prior to discovery where video offered by defendants "undercut[]" plaintiff's version of events); *Smith v. United States*, 843 F.3d 509, 512–16 (D.C. Cir. 2016) (affirming district court's grant of summary judgment for defendants prior to discovery in light of video and audio recordings that "contradicted [plaintiff's] complaint"); *McCoy v. Ferguson*, No. 3:18 Civ. 1546, 2019 WL 3806008, at *3 (W.D. Va. Aug. 13, 2019) (granting summary judgment prior to discovery because, based on audio-less video evidence, plaintiff "cannot show the amount of force" Defendants used to subdue the plaintiff "was objectively unreasonable").

**The United States Is Entitled to Summary Judgment on Plaintiff's FTCA Claims**

The video footage from the March 8, 2020, search demonstrates that there can be no dispute the Individual Defendants' search was objectively reasonable, and dooms Plaintiff's allegations that he was subject to assault and battery.

Plaintiff's claims against the United States are governed by the FTCA, which authorizes recovery for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *see also id*. §§ 2671-80. Because the search at issue occurred in New York City, Plaintiff's FTCA claims are governed by the substantive law of New York. *See id.* § 1346(b)(1).

Generally, under New York law, "an 'assault' is an intentional placing of another person in fear of imminent harmful or offensive contact. A 'battery' is an intentional wrongful physical contact with another person without consent." *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001) (alterations omitted). However, to prevail on an assault or battery claim against a law enforcement officer, a plaintiff must also prove that the officer's conduct "was not reasonable within the meaning of the New York statute concerning justification of law enforcement's use of

3

force in the course of their duties." *Nimely v. City of New York*, 414 F.3d 381, 391 (2d Cir. 2005); *see also Torres-Cuesta v. Berberich*, 511 F. App'x 89, 91 (2d Cir. 2013) (applying *Nimely* to an FTCA assault and battery claim).

The New York statute on justification provides that correctional officers "may, in order to maintain order and discipline, use such physical force as is authorized by the correction law." N.Y. Penal Law § 35.10(2). In turn, the New York Corrections Law authorizes correctional officers to use "all suitable means" to defend themselves and to maintain order and security:

> When any inmate, or group of inmates, shall offer violence to any person, or do or attempt to do any injury to property, or attempt to escape, or resist or disobey any lawful direction, the officers and employees shall use all suitable means to defend themselves, to maintain order, to enforce observation of discipline, to secure the persons of the offenders and to prevent any such attempt or escape.

N.Y. Corrections Law § 137(5).

The Second Circuit has explained that a New York assault and battery claim against a law enforcement officer is "substantially identical" to a claim for use of excessive force in violation of the Fourth Amendment. *Posr v. Doherty*, 944 F.2d 91, 94–95 (2d Cir. 1991); *see Lloyd v. City of New York*, 246 F. Supp. 3d 704, 729 (S.D.N.Y. 2017). That is, "under federal or state law, a plaintiff must show that the amount of force used was objectively unreasonable based upon a consideration of the perspective of the officer at the time." *Alvarez v. City of New York*, No. 11 Civ. 5464 (AT), 2015 WL 1499161, at *10 (S.D.N.Y. Mar. 30, 2015) (internal quotation marks omitted). Because Plaintiff was a pretrial detainee on March 8, 2020, his constitutional right to be free from excessive force arises under the Fifth Amendment's Due Process Clause, rather than under the Fourth Amendment. *See Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018). The relevant inquiry, however, remains one of "objective reasonableness." *Kingsley v. Hendrickson*, 576 U.S. 389, 397-400 (2015) (discussing the standards governing pretrial-detainee excessive force claims under the Fourteenth Amendment's Due Process Clause, where plaintiff was detained in a county, rather than a federal, facility).

"[O]bjective reasonableness turns on the facts and circumstances of each particular case." *Id.* (internal quotation marks omitted). The assessment of whether an officer's conduct was reasonable must be made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* In the context of pretrial detention, courts must "account for the legitimate interests that stem from the government's need to manage the facility in which the individual is detained," including the need "to preserve internal order and discipline and to maintain institutional security." *Id.* The Supreme Court has identified the following as relevant, but not exclusive, considerations to inform the analysis of whether force used against a pretrial detainee was objectively reasonable:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

4

*Id.*

Thus, to prevail on his FTCA claim for assault, Plaintiff must first prove that the Individual Defendants intentionally placed him in fear of imminent harmful or offensive contact; to prevail on his claim for battery, Plaintiff must prove that they intentionally made wrongful physical contact with him without his consent. *See Pizarro v. Ponte*, No. 17 Civ. 4412 (LGS), 2019 WL 568875, at *9 n.13 (S.D.N.Y. Feb. 11, 2019). For both claims, Plaintiff must further prove that any use of force by the Individual Defendants was unjustified, in that it was not a "suitable means" for them "to defend themselves, to maintain order" in the MCC despite the threat of gun violence, or "to enforce observation of discipline." N.Y. Corrections Law § 137(5). To meet that burden, drawing on constitutional principles, Plaintiff must show that any force used was objectively unreasonable, as measured from the perspective of an officer in the Individual Defendants' position at the time such force was used and accounting for the government's legitimate interests in managing the MCC, including the need to preserve order and to maintain institutional security, in the face of a threat of gun violence.

The video footage from the March 8, 2020, search plainly shows that the Individual Defendants' search was objectively reasonable in light of these standards, and that they did not commit assault or battery.[2] It depicts the Individual Defendants handcuffing Plaintiff in his cell, shepherding him through the MCC so that he and his cell could be searched, and returning him to his cell.

### The Individual Defendants Should Also Be Granted Summary Judgment If Their Motion to Dismiss Is Not Granted

For the same reasons that the United States is entitled to summary judgment on Plaintiff's assault and battery claims, the Individual Defendants are entitled to summary judgment on Plaintiff's *Bivens* claims of excessive force—if the claims against them are not first dismissed.

### Conclusion

For the reasons explained above, Defendants respectfully request that the Court order that briefing on their summary judgment motion take place on the following schedule, to which Plaintiff consents, and which takes into account Plaintiff's upcoming criminal trial and the delays he experiences in sending and receiving mail. Defendant's motion shall be served by July 15, 2022; Plaintiff's opposition shall be served by August 26, 2022; and Defendants' reply shall be served by September 9, 2022.

We thank the Court for its consideration of this request.

---

[2] In his July 2, 2020, letter, Plaintiff notified that the Court that "[t]he entire case rests in video footage. The merits of my case would be substantiated through this video." (ECF No. 11, at 1). Further, in his original complaint, Plaintiff stated that "[t]he Cameras will prove what they did" (ECF No. 1, at 15), and on September 1, 2020, Plaintiff filed a "motion to compel" Defendants to produce the video footage (ECF No. 13), which he renewed on October 22, 2020 (ECF No. 19).

Respectfully,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: /s/ *Tara Schwartz*
TARA SCHWARTZ
ELLEN BLAIN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2633/2743
Email: tara.schwartz@usdoj.gov
ellen.blain@usdoj.gov

Cc: Joshua Adam Schulte (via certified mail)
Reg. No. 79471-054
MDC-Brooklyn
P.O. Box 329002
Brooklyn, NY 11232