UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2022 JUN -3  PM 2: 47

---

JOSHUA ADAM SCHULTE,

    *Plaintiff,*

-v-

UNITED STATES OF AMERICA, TIMOTHY VALENTINE, JOHN BARRETT, BRIAN THIROWAY, MICHAEL SINKVICH, MARK BURNS, MICHAEL GETCHEY, JAMES WELCH, and UNKNOWN BOP OFFICERS THAT HAVE NOT YET BEEN IDENTIFIED,

    *Defendants.*

20 Civ. 2795 (PGG)(GWG)

---

## MEMORANDUM OF LAW IN OBJECTION TO REPORT AND RECOMMENDATION

Joshua Adam Schulte
Slave #79471054
Metropolitan Detention Center (MDC)
P.O. Box 329002
Brooklyn, NY 11232

## TABLE OF CONTENTS

I. TABLE OF AUTHORITIES ................................................................................................ ii
II. PRELIMINARY STATEMENT ........................................................................................ 1
III. OBJECTIONS TO RECOMMENDATION ....................................................................... 1
   A. Individual Defendants liable under the Fourth Amendment ........................ 1
   B. Individual Defendants liable under Fifth Amendment ................................. 4
      1. Deliberate Indifference ............................................................................ 4
      2. Excessive Force ....................................................................................... 5
IV. CONCLUSION .................................................................................................................. 8

# I. TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ........................................................................................... 4

*Bivens v. Six Unknown Fed. Narcotics Agents,*
   403 U.S. 388 (1971) .................................................................................... passim

*Bristrian v. Levi,*
   912 F.3d 79 (3rd Cir. 2018) ................................................................................ 6

*Bueno Diaz v. Mercurio,*
   442 F. Supp. 3d 701 (S.D.N.Y. 2020) ............................................................ 5, 6

*Bush v. Lucas,*
   462 U.S. 367 (1983) ........................................................................................... 6

*Carlson v. Green,*
   446 U.S. 14 (1980) .......................................................................................... 5, 6

*Corr. Servs. Corp. v. Malesko,*
   534 U.S. 61 (2001) .......................................................................................... 6, 7

*Covino v. Patrissi,*
   967 F.2d 73 (2d Cir. 1992) ................................................................................. 2

*Farmer v. Brennan,*
   511 U.S. 825 (1994) ........................................................................................... 5

*Harris v. Miller,*
   818 F.3d 49 (2d Cir. 2016) ................................................................................. 2

*Hudson v. Palmer,*
   468 U.S. 517 (1984) ........................................................................................... 2

*Jacobs v. Alam,*
   915 F.3d 1028 (6th Cir. 2019) ............................................................................ 5

*Lehal v. Central Falls Detention Facility Corp.*,
  No. 13 Civ. 3923,
  2019 WL 1447261 (S.D.N.Y. Mar. 15, 2019) ........................................................ 5

*McLeod v. Jewish Guild for the Blind*,
  864 F.3d 154 (2d Cir. 2017) ................................................................................. 4

*Montero v. City of Yonkers, New York*,
  890 F.3d 386 (2d Cir. 2018) ................................................................................. 4

*Powell v. United States*,
  No. 19 Civ. 11351,
  2020 WL 5126392 (S.D.N.Y. Aug. 31, 2020) ...................................................... 6

*Ross v. Blake*,
  136 S. Ct. 1850 (2016) ......................................................................................... 3

*Ziglar v. Abbasi*,
  137 S. Ct. 1843 (2017) ..................................................................................... 1, 5

**Statutes**

Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 *et seq.* ................. 5, 6, 7

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1

Fed. R. Civ. P. 72(b)(2) ............................................................................................ 1

**Constitutional Provisions**

U.S. Const. amend. IV .................................................................................. 1, 2, 3, 8

U.S. Const. amend. V ........................................................................................ 4, 7, 8

## II. PRELIMINARY STATEMENT

Individual Bureau of Prisons (BOP) defendants moved to dismiss the *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), claims against them pursuant to Fed. R. Civ. P. 12(b)(6) on September 27, 2021 ("Dismiss Mem."). Plaintiff opposed the motion on December 15, 2021 ("Opp. Mem."). Magistrate Gorenstein filed a Report and Recommendation to grant the defendant's motion to dismiss on May 10, 2022 ("Recommendation"). Mr. Schulte files this objection to the Recommendation pursuant to Fed. R. Civ. P. 72(b)(2).

The Magistrate's Recommendation relied upon the wrong standard for the Fourth and Fifth Amendment Claims. Accordingly, those claims should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## III. OBJECTIONS TO RECOMMENDATION

### A. Individual Defendants liable under the Fourth Amendment

In evaluating the *Bivens* claim, the Court first determined that the circumstances of this case fall outside the traditional Fourth Amendment *Bivens* claim and therefore constitute a new *Bivens* context. See Recommendation at 7 ("Meaningfully Different Context Analysis"). The Court is incorrect in this assessment. While the body of law governing prison searches is different from the traditional *Bivens* context, the Supreme Court has never held this to be a significant factor, and it is ultimately a "trivial difference." The case is not "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1859-60 (2017). Here, Mr. Schulte asserts government agents executed an unreasonable search without a warrant or probable cause.

1

Moreover, the critical point of the unlawful search here is the forced body cavity search and involuntary x-ray in the wee hours of the night. While the Court acknowledges that "the Supreme Court has held that 'the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell,'" Recommendation at 8 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)), the Court completely disregards Circuit precedent "'that maintenance of prison security is not burdened unduly by the recognition that inmates do retain a limited right to bodily privacy.'" *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (quoting *Covino v. Patrissi*, 967 F.2d 73, 78 (2d Cir. 1992)).

Thus, even if the Court concludes that the instant complaint presents a new *Bivens* context, Second Circuit precedent clearly counsels the Court to recognize the new context. The Second Circuit firmly establishes that "[c]ourts assessing an inmate's claim that officers infringed his or her right to bodily privacy must undertake a two-part inquiry." *Id.* Accordingly, the Recommendation's first two points in its "Special Factors Analysis," Recommendation at 8-9, should instead adopt Second Circuit precedent, and counsel establishment of the new *Bivens* context.

The Recommendation's third and final point in its analysis is equally incorrect. The administrative remedy process is not an "alternative, existing process for protecting the [injured party's] interest." As an initial matter, Mr. Schulte established that there was effectively no administrative remedy system at the MCC due to officer's deliberate attempts to obstruct and prevent any meaningful claim review. This is not simply an "unfavorable" result as implied by the Recommendation. Mr. Schulte's remedies were never reviewed in a timely manner pursuant to BOP Regulations, and the merits of the claims were never even considered—they were denied for reasons outside Mr. Schulte's control (i.e. BOP

2

denied claims for failure to use a "ballpoint pen", but MCC staff refused to provide him a pen directly or through commissary). Additionally, the MCC blocked Mr. Schulte from progressing to the next levels in the administrative remedy system. The Court is simply wrong—there was effectively no administrative remedy system at the MCC. An administrative procedure is unavailable when (1) it "operates as a simple dead end--with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016).

Finally, it must be noted that the administrative remedy system solely functions for prison policy or recurring incidents; it cannot be used to retroactively prevent isolated incidents. What administrative remedy could Mr. Schulte file to prevent as-applied, isolated incidents from occurring in the future? He cannot file for a generic injunction against any future illegal actions by the government. There simply are no other available remedies other than a *Bivens* claim.

Accordingly, the Court should determine that the Fourth Amendment challenge with respect to the strip search and forced x-ray do not constitute a new *Bivens* context. Alternatively, the Court should determine that there are no special factors counseling against a *Bivens* remedy. The Fourth Amendment *Bivens* claims against the individual defendants should not be dismissed.

### B. Individual Defendants liable under Fifth Amendment

#### 1. Deliberate Indifference

First, the Court improperly dismissed the deliberate indifference claim without consideration of the merits. Recommendation at 11 n. 3. The Court claims "[n]o factual allegations are supplied regarding this claim whatsoever and the Government understandably did not address it in its moving brief." *Id.* The Court is incorrect. On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Montero v. City of Yonkers, New York*, 890 F.3d 386, 391 (2d Cir. 2018). To withstand a motion to dismiss, a complaint must contain sufficient facts that state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Courts must "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted).

The Complaint clearly states that the Individual Defendants ignored Mr. Schulte's requests for medical assistance after they threw him to the ground and caused a concussion. Moreover, the Individual Defendants held Mr. Schulte in freezing temperatures without sufficient clothing. When Mr. Schulte told them he was freezing, they bashed his head against the wall and dislocated his shoulder. He was then held there in freezing temperatures. Mr. Schulte suffered a concussion, dislocated shoulder, cut wrists, and could have suffered frostbite; however, the Individual Defendants refused to provide medical attention despite Mr. Schulte's complaints and requests for assistance.

What more does the Court expect? What more could Mr. Schulte possibly do without discovery? He was injured and requested medical assistance, but the Individual Defendants were deliberately indifferent to his conditions.

Finally, as Mr. Schulte argued in his opposition, this deliberate indifference claim is consistent with Supreme Court decisions in *Carlson v. Green*, 446 U.S. 14, 19 (1980) and *Farmer v. Brennan*, 511 U.S. 825, 832-49 (1994). Accordingly, the deliberate indifference claim is not a new *Bivens* context and should not be dismissed.

### 2. Excessive Force

The Court is mistaken in that the excessive force claim does not present a new *Bivens* context. As noted in the opposition, Post-*Abbasi*, multiple courts have concluded that *Bivens* recognizes a cause of action for excessive force and related claims under some circumstances. See, e.g., *Jacobs v. Alam*, 915 F.3d 1028, 1038 (6th Cir. 2019) (holding plaintiff had cause of action under *Bivens* itself to bring "run-of-the-mill challenges" to "standard law enforcement operations," including excessive force claims); *Bueno Diaz v. Mercurio*, 442 F. Supp. 3d 701, 708-09 (S.D.N.Y. 2020) (holding plaintiff had cause of action under *Bivens* itself to bring excessive force claim); *Lehal v. Central Falls Detention Facility Corp.*, No. 13-CV-3923, 2019 WL 1447261, at *12 (S.D.N.Y. Mar. 15, 2019) (same). Accordingly, the Court should find the Individual Defendants liable under *Bivens*, and the motion to dismiss should be denied.

In the alternative, even if this case presented a new *Bivens* context, special factors would not command hesitation in recognizing a damages remedy. Neither the PLRA nor the FTCA are alternative remedies that foreclose *Bivens*.

5

Once again, the PLRA is only useful to address recurring issues; it is futile for addressing isolated incidents. Can Mr. Schulte file an administrative remedy to prevent excessive force in the future? Can Mr. Schulte file an administrative remedy to prevent excessive force in the past? The Court's determination that the PLRA is an effective, available remedy is absurd.

Furthermore, the FTCA does not preclude a *Bivens* remedy. "First, the existence of an FTCA remedy does not foreclose an analogous remedy under *Bivens*. According to the Supreme Court, it is 'crystal clear that Congress intended the FTCA and *Bivens* to serve as parallel and complementary sources of liability.'" *Bristrian v. Levi*, 912 F.3d 79, 92 (3rd Cir. 2018) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001). "For example, in *Carlson*, the Supreme Court specifically noted that a '*Bivens* remedy... is a more effective deterrent than the FTCA' because it 'is recoverable against individuals[.]'" *Id.* (quoting *Carlson*, 446 U.S. at 21). "The Court continued by saying that the 'FTCA is not a sufficient protector of the citizens' constitutional rights, and without a clear congressional mandate we cannot hold that Congress relegated [prisoners] exclusively to the FTCA remedy.'" *Id.* (quoting *Carlson*, 446 U.S. at 23); see also *Bush v. Lucas*, 462 U.S. 367, 378 (1983) ("No statute expressly declared the FTCA remedy to be a substitute for a *Bivens* action.").

While the Second Circuit has yet to weigh in, the Courts of this Circuit have agreed with the Third Circuit. See *Bueno Diaz v. Mercurio*, 442 F. Supp. 3d at 710 (the FTCA does not preclude a *Bivens* remedy, and the Supreme Court "has repeatedly emphasized that an FTCA claim is simply not a substitute for a *Bivens* action") (citations and quotation marks omitted); *Powell v. United States*, No. 19-CV-11351, 2020 WL 5126392 at *10 (S.D.N.Y. Aug. 31, 2020) ("[T]he FTCA facilitates only liability in tort against the United States itself, whereas the *Bivens*

6

remedy vindicates violations of constitutional rights by federal employees... The FTCA standing on its own does not give the Court reasons to hesitate in extending *Bivens*.") (citations and quotation marks omitted).

Finally, The Fifth Amendment claims strike at the heart of *Bivens*—deterrence of specific, individual federal agents who directly violated Constitutional rights. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. at 66. The judiciary is charged with upholding the Constitution. A State in which federal employees can rape and pillage the populous with impunity is not a Republic. The Constitution grants the judiciary the power to create judicial remedies in the absence of laws from the legislative. The judiciary should wield this power and create appropriate remedies to safeguard the People.

## IV. CONCLUSION

For the foregoing reasons, the Court should determine that the Plaintiff's Fourth Amendment, Fifth Amendment deliberate indifference, and Fifth Amendment excessive force claims are valid, existing *Bivens* remedies. Alternatively, the Court should extend the *Bivens* remedy as all three complaints are similar to existing *Bivens* contexts and special factors do not command hesitation in recognizing a damages remedy. Accordingly, the Court should deny the Individual Defendants' Motion for Dismissal.

Dated: New York, New York
     May 20, 2022

Respectfully submitted,

Joshua Adam Schulte
Slave #79471054
Metropolitan Detention Center (MDC)
P.O. Box 329002
Brooklyn, NY 11232

Josh Seville # 74471054
MDC
P.O. Box 329002
Brooklyn, NY 11232

ATTN: 20-CV-2795 (PGG) (GWG)
Pro Se Intake Office
U.S. District Court SDNY
500 Pearl Street
New York, NY 10007



NEW YORK NY 100
31 MAY 2022 PM 13 L

2022 JUN -3 PM 2:41
SDNY PRO SE OFFICE
RECEIVED

