**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

JOSHUA ADAM SCHULTE,

                    Plaintiff,

                -v-

UNITED STATES OF AMERICA, TIMOTHY VALENTINE, JOHN BARRETT, BRIAN THIROWAY, MICHAEL SINKVICH, MARK BURNS, MICHAEL GETCHEY, JAMEY WELCH, and UNKNOWN BOP OFFICERS THAT HAVE NOT YET BEEN IDENTIFIED,

                    Defendants.

20 Civ. 2795 (PGG) (GWG)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

                                                  DAMIAN WILLIAMS
                                                  United States Attorney for the
                                                  Southern District of New York
                                                  86 Chambers Street, 3rd Floor
                                                  New York, New York 10007
                                                  Tel.: (212) 637-2633
                                                  E-mail: ellen.blain@usdoj.gov

ELLEN BLAIN
Assistant United States Attorney
– Of Counsel –

Case 1:20-cv-02795-PGG-GWG   Document 120   Filed 05/15/23   Page 2 of 15

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................1

I.     PRE-DISCOVERY SUMMARY JUDGMENT IS APPROPRIATE IN THIS CASE .......1

II.    THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT DEFENDANTS USED OBJECTIONABLY REASONABLE FORCE .......................................................3

III.   PLAINTIFF'S REQUEST FOR DISCOVERY SHOULD BE DENIED AS FUTILE ......9

CONCLUSION ..............................................................................................................................11

# **TABLE OF AUTHORITIES**

Cases

*Aldridge v. City of Warren*,
    682 F. App'x 461 (6th Cir. 2017) ....................................................................................... 2

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ........................................................................................................... 2

*Angulo v. Brown*,
    978 F.3d 942 (5th Cir. 2020) ..................................................................................... 2, 3, 5

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
    403 U.S. 388 (1971) ........................................................................................................... 1

*Bueno Diaz v. Mercurio*,
    442 F. Supp. 3d 701 (S.D.N.Y. 2020) ................................................................................. 6

*Crye Precision LLC v. Duro Textiles, LLC*,
    689 F. App'x 104 (2d Cir. 2017) ..................................................................................... 10

*Edrei v. Maguire*,
    892 F.3d 525 (2d Cir. 2018) ............................................................................................... 4

*Graham v. Connor*,
    490 U.S. 386 (1989) ........................................................................................................... 6

*Kalfus v. New York & Presbyterian Hosp.*,
    476 F. App'x 877 (2d Cir. 2012) ....................................................................................... 6

*Kingsley v. Hendrickson*,
    576 U.S. 389 (2015) ...................................................................................................... 4, 5

*Langley v. Bowman*,
    No. 16-1607, 2016 WL 6477036 (E.D. La. Aug. 8, 2016) ................................................ 6

*Lemmo v. McKoy*,
    No. 08–CV4264 (RJD), 2011 WL 843974 (E.D.N.Y. Mar. 8, 2011) ................................. 7

*Long Island Lighting Co. v. Barbash*,
    779 F.2d 793 (2d Cir. 1985) ............................................................................................... 2

*Lunts v. Rochester City Sch. Dist.*,
    515 F. App'x 11 (2d Cir. 2013) ....................................................................................... 10

*Lynch ex rel. Lynch v. City of Mount Vernon*,
    567 F. Supp. 2d 459 (S.D.N.Y. 2008) ................................................................................ 8

*Main St. Legal Servs. v. NSC,*
    811 F.3d 542 (2d Cir. 2016) ............................................................................................. 10

*McCoy v. Ferguson*,
    No. 3:18 Civ. 1546, 2019 WL 3806008 (S.D. W. Va. Aug. 13, 2019) .............................. 3

*McFadden v. State*,
 200 A.D.3d 1357, 160 N.Y.S.3d 404 (3rd Dep't 2021).......................................................... 4

*Oakley v. Dolan*,
 No. 21-2939, 2023 WL 3263618 (2d Cir. May 5, 2023) ........................................ 2, 3, 8, 9

*Pizarro v. Ponte*,
 No. 17 Civ. 4412 (LGS), 2019 WL 568875 n.13 (S.D.N.Y. Feb. 11, 2019) ....................... 3

*Posr v. Doherty*,
 944 F.2d 91 (2d Cir. 1991).................................................................................................. 4

*Regels v. Giardono*,
 113 F. Supp. 3d 574 (N.D.N.Y. 2015)................................................................................ 7

*Rizk v. City of New York*,
 462 F. Supp. 3d 203 (E.D.N.Y. 2020) ................................................................................ 7

*Scott v. Harris*,
 550 U.S. 372 (2007)............................................................................................................ 2

*Smith v. United States*,
 843 F.3d 509 (D.C. Cir. 2016) ........................................................................................ 3, 8

*Sulkowska v. City of New York*,
 129 F. Supp. 2d 274 (S.D.N.Y. 2001)................................................................................. 6

**Statutes**

28 U.S.C. § 1346.................................................................................................................... 1

N.Y. Correction Law § 137(5)............................................................................................... 4

Federal Rule of Civil Procedure 56 ....................................................................................... 1

Federal Rule of Civil Procedure Rule 56(d) ....................................................................... 10

Defendants Timothy Valentine, John Barrett, Brian Thiroway, Michael Sinkovich, Mark Burns, Michael Getchey, and Jamey Welch (together, the "Individual Defendants"), and the United States of America (together, with the Individual Defendants, "Defendants") respectfully submit this reply memorandum of law in further support of their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1]

## PRELIMINARY STATEMENT

Plaintiff does not identify any genuine issue of material fact to defeat Defendants' motion for summary judgment. Plaintiff filed this action against the United States, asserting claims for assault and battery pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, and several Federal Bureau of Prisons ("BOP") officers who were involved in conducting a search of Plaintiff and his cell, asserting claims of excessive force pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[2] Defendants are entitled to summary judgment because the undisputed video footage of this incident demonstrates that the Individual Defendants did not commit assault and battery or use excessive force when conducting a search for a gun they suspected had been illegally smuggled into the MCC.

## ARGUMENT

### I. PRE-DISCOVERY SUMMARY JUDGMENT IS APPROPRIATE IN THIS CASE

The Second Circuit recently reiterated that there are "two general premises" guiding a summary judgment analysis: (1) if "there is *any* evidence in the record from which a reasonable

---

[1] Defendants employ the same abbreviations as those defined in their moving brief, Dkt. No. 102.

[2] As previously noted, on May 10, 2022, Magistrate Judge Gorenstein issued a Report and Recommendation granting the Individual Defendants' motion to dismiss the *Bivens* claims against them. *See* Dkt. No. 93. Plaintiff's objection to the R&R remains pending; accordingly, the Individual Defendants respectfully submit this reply motion for summary judgment as to the *Bivens* claims in the event this Court declines to adopt Judge Gorenstein's Report and Recommendation.

inference could be drawn in favor of the opposing party, summary judgment is improper"; and (2) "generally, summary judgment should not be granted against a plaintiff who has not been afforded the chance to conduct discovery." *Oakley v. Dolan*, No. 21-2939, 2023 WL 3263618, at *2 (2d Cir. May 5, 2023) (emphasis in original) (citations omitted). But the Second Circuit also noted, "Nevertheless, there may be times when video evidence is so conclusive that summary judgment is warranted, even in the face of contradictory statements or declarations by the non-moving party." *Id.* (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.")) (further citations omitted). Thus, pre-discovery summary judgment is warranted "where a videotape 'blatantly contradict[s]' the remainder of the record, [such that] inferences drawn in the non-movant's favor would not be 'justifiable.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). In such a case, "a district court does not exceed its discretion in declining to allow requested discovery before awarding summary judgment." *Id.* (citing *Long Island Lighting Co. v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985)).

While "these [are] narrow exceptions" to the two "general premises" guiding a summary judgment analysis, *Oakley*, 2023 WL 3263618, at *2, Plaintiff ignores that courts have nevertheless routinely awarded summary judgment prior to discovery where, as here, video footage "blatantly contradict[s]" the allegations in the plaintiff's complaint, such that "inferences drawn in the non-movant's favor would not be 'justifiable.'" *Id.; see also Angulo v. Brown*, 978 F.3d 942, 950-52 (5th Cir. 2020); *Aldridge v. City of Warren*, 682 F. App'x 461, 463-65 (6th Cir. 2017) (affirming grant of summary judgment on excessive-force claims prior to discovery where video offered by defendants "undercut[]" plaintiff's version of events, showing that plaintiff was

2

arrested without incident rather than beaten while handcuffed); *Smith v. United States*, 843 F.3d 509, 512-16 (D.C. Cir. 2016) (affirming summary judgment for defendants prior to discovery in light of video and audio recordings that "contradicted [plaintiff's] complaint"); *see also McCoy v. Ferguson*, No. 3:18 Civ. 1546, 2019 WL 3806008, at *3 (S.D. W. Va. Aug. 13, 2019) (granting summary judgment prior to discovery because, based on audio-less video evidence, plaintiff "cannot show the amount of force" defendants used to subdue the plaintiff "was objectively unreasonable").  In *Angulo v. Brown*, for example, plaintiff alleged that an agent "grabbed him by the neck and forcibly threw him to the ground" after he refused to exit the vehicle for a search at a border crossing.  978 F.3d at 951.  The court reviewed video showing the agent "reach[ing] in[to the car] with both arms, wrap[ping] them around [plaintiff's] midsection, and extract[ing] [plaintiff]," which "blatantly contradicted" plaintiff's allegation.  The video instead showed "the officers using reasonable force to compel [plaintiff's] compliance with a command that they were legally entitled to give him."  *Id.*  The same is true here.  Specifically, pre-discovery summary judgment is warranted because the video evidence "blatantly contradicts" Plaintiff's claims that he was subject to objectively unreasonable force, particularly in light of the security threat faced by Defendants at the time, such that "inferences drawn in the non-movant's favor would not be 'justifiable.'"  *Oakley*, 2023 WL 3263618, at *2.

## II. THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT DEFENDANTS USED OBJECTIONABLY REASONABLE FORCE

To prevail on his FTCA claim for assault, Plaintiff must first prove that the Individual Defendants intentionally placed him in fear of imminent harmful or offensive contact; to prevail on his claim for battery, Plaintiff must prove that they intentionally made wrongful physical contact with him without his consent.  *See Pizarro v. Ponte*, No. 17 Civ. 4412 (LGS), 2019 WL 568875, at *9 n.13 (S.D.N.Y. Feb. 11, 2019).  For both claims, Plaintiff must further prove that

3

any use of force by the Individual Defendants was unjustified, in that it was not a "suitable means" for them "to defend themselves [and] to maintain order" in the MCC despite the threat of gun violence. N.Y. Correction Law § 137(5); *see also McFadden v. State*, 200 A.D.3d 1357, 160 N.Y.S.3d 404, 405 (3rd Dep't 2021). An assault and battery claim against a law enforcement officer is "substantially identical" to a constitutional claim for use of excessive force. *Posr v. Doherty*, 944 F.2d 91, 94–95 (2d Cir. 1991).[3] The relevant inquiry is one of "objective reasonableness," which "turns on the facts and circumstances of each particular case" and "must be made from the perspective of a reasonable officer on the scene[.]" *Kingsley v. Hendrickson*, 576 U.S. 389, 389, 397-400 (2015) (one factor to consider is "the severity of the security problem at issue") (internal quotation marks omitted).

Plaintiff does not dispute that the Individual Defendants were searching for a gun that they believed had been illegally smuggled into the facility. Dkt. No. 114-1 at ¶¶ 2-3. Nor does Plaintiff dispute that the video evidence shows the time period from 5:45 a.m., before the Individual Defendants entered his cell, through 6:18 a.m., after they left his cell. *Id.* at ¶¶ 4-5 (not disputing that the videos cover the relevant time period; asserting that there could be additional interactions not covered by the videos). Even drawing all inferences in Plaintiff's favor—which the Court need not do in light of the video evidence—the undisputed evidence demonstrates that the Individual Defendants used objectively reasonable force.

Plaintiff points to four interactions, arguing that those sections of the video depict excessive force. *See* Dkt. No. 114-1 at ¶¶ 7-13. First, he argues that Videos 7, 8, and 11 show him stumble twice, which, he argues, supports his assertion that he "was shoved or forced to the ground." Dkt.

---

[3] In this case, because Plaintiff was a pretrial detainee on March 8, 2020, his constitutional right to be free from excessive force arises under the Fifth Amendment's Due Process Clause, rather than under the Fourth Amendment. *See Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018).

No. 114-1 at ¶ 7; *see also* Dkt. No. 117 at ¶ 12.  Second, he argues that Videos 2, 3, and 4 show that at least two officers "held weapons that resembled paintball guns," which "were put very close to [his] head."  Dkt. No. 117 at ¶ 10.  Third, he argues that Video 3 shows excessive force because he was "walking backwards and hunched over, surrounded by guards with their hands on him," with some officers pressing on his head or shoulders, and that "he was roughly handled."  Dkt. No. 114-1 at ¶¶ 12-13.  Finally, Plaintiff argues that Video 35 shows an incomplete picture of events in the recreation room, where Plaintiff was "shoved, face first against the wall," Dkt. No. 114-1 at ¶ 9, and forced to stand in a "cold, painful position for more than 10 minutes," Dkt. No. 117 at ¶ 16.

Drawing all inferences in Plaintiff's favor, his allegations do not rise to the level of objectively unreasonable force in the context of the "security problem at issue"—a gun concealed among a prison population.  *Kingsley*, 576 U.S. at 397.  While Plaintiff may have been uncomfortable during this approximately 30-minute timeframe, the Defendants' actions do not constitute objectively unreasonable force as measured from the perspective of the Defendants who were searching for a legitimate security threat—a gun—inside prison walls.  *See id*. at 397 (courts must "account for the legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained, appropriately deferring to policies and practices that in th[e] judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security" (quotation marks omitted, alterations in original)); *Angulo*, 978 F.3d at 951 (reasonableness of the agent's actions was underscored by the information they knew at the time: that plaintiff failed to respond to questions and failed to exit the car in response to lawful orders).

At most, Plaintiff was momentarily on the ground twice, felt pain in his wrist, felt pressure on his neck, and was cold and felt pain in his shoulder and face for 10 minutes. This amount of

5

force is not objectively unreasonable, as "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," constitutes excessive force. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *see also Kalfus v. New York & Presbyterian Hosp.*, 476 F. App'x 877, 881 (2d Cir. 2012) (affirming summary judgment for defendant where video showed that to effect plaintiff reporter's arrest, hospital officers pushed plaintiff "onto his stomach, pulled his arms behind his back, placed handcuffs on him, and lifted him onto his feet by pulling on his upper arms, sweatshirt, and waist;" concluding that "[n]o reasonable factfinder could conclude that such actions were excessive in the circumstances"); *Langley v. Bowman*, No. 16-1607, 2016 WL 6477036, at *3, *8 (E.D. La. Aug. 8, 2016) (defendants' twisting of the plaintiff's arm to remove the second handcuff for "five to ten minutes," even while "intentionally block[ing]" the camera "so that the incident would not be filmed," was "a limited and minimal use of force"); *Sulkowska v. City of New York*, 129 F. Supp. 2d 274, 290-91 (S.D.N.Y. 2001) (testimony that handcuffs were tight and that the 70 year-old arrestee "was pushed or dragged out of the bar and to the police car" did not establish excessive force because "[i]t was not facially unreasonable to restrain plaintiff's arms and place her in handcuffs, even though she was of advanced age"); *cf. Bueno Diaz v. Mercurio*, 442 F. Supp. 3d 701, 713 (S.D.N.Y. 2020) (allegations that plaintiff was "punched, kicked, choked, hit with the butts of the officers' pistols—to the point that Plaintiff urinated on himself" and suffered fractured ribs, stated claim for unreasonable force).

Moreover, Plaintiff does not allege that he sustained anything more than de minimis injury, which undermines his force claims. Plaintiff alleges that he was injured in the following ways: the handcuffs were too tight and "sliced" into his wrists, Dkt. No. 117 at ¶ 11; his knees and ankles were bruised and his vision blurred, *id.* at ¶ 12; he "cried out in pain" when his face was pressed into the wall, *id.* at ¶ 16; and he experienced "sharp pain [] behind [his] shoulders," "result[ing] in

6

[his] shoulder dislocating"—though, within the next ten minutes, his "shoulder popped back into its socket," *id. See also* Am. Compl., Dkt. No. 33 at 6. Plaintiff attempts to frame these injuries as creating a question of fact, *see* Dkt. No. 114 at 1, but even assuming he suffered such injuries, these types of short-term injuries reflect that the force used was minimal. "[T]he Second Circuit and district courts in the Circuit recognize the concept of 'de minimis' injury and, when the injury resulting from alleged excessive force falls into that category, the excessive force claim is dismissed." *Lemmo v. McKoy*, No. 08–CV4264 (RJD), 2011 WL 843974, at *5 (E.D.N.Y. Mar. 8, 2011). "Injuries held to be de minimis for purposes of defeating excessive force claims include short-term pain, swelling, and bruising, brief numbness from tight handcuffing, claims of minor discomfort from tight handcuffing, and two superficial scratches with a cut inside the mouth." *Id.* (citations omitted); *see also Regels v. Giardono*, 113 F. Supp. 3d 574, 599 (N.D.N.Y. 2015) ("[A] de minimis use of force will rarely suffice to state a constitutional claim. Moreover, de minimis injury can serve as conclusive evidence that de minimis force was used.") (quotation marks and citation omitted); *but see Rizk v. City of New York*, 462 F. Supp. 3d 203, 223-34 (E.D.N.Y. 2020) (noting lack of Second Circuit authority on whether Fourth Amendment excessive force claims fail solely based on lack of injury).

All of Plaintiff's claimed injuries were "short-term," *Lemmo*, 2011 WL 843974, at *5, as his injuries lasted no more than 10 minutes (in the recreation room), or at most, 30 minutes (assuming that the handcuffs were tight during the entire incident). Indeed, Plaintiff admits that his alleged shoulder injury resolved within minutes. Dkt. No. 117 at ¶ 16 (stating that while in the recreation room, his shoulder "dislocate[ed]" but "popped back into its socket"). As for Plaintiff's handcuffing claims, "[t]here is a consensus among courts in this circuit that tight handcuffing does

7

not constitute excessive force unless it causes some injury beyond temporary discomfort." *Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008) (citing cases).

Fundamentally, Plaintiff cannot escape the evidence. The video underscores that Plaintiff suffered no more than de minimis injury: after the guards left his cell, Plaintiff used both arms to lift his mattress, looked under it, walked around his cell, and looked under his mattress a second time. Dkt. No. 104 at ¶ 40. While Plaintiff disputes "any inference [from this section of the video] that he did not suffer physical injury and significant pain," Dkt. No. 114-1 at ¶ 11, this video evidence "blatantly contradicts" Plaintiff's claims that he was subject to objectively unreasonable force. As a result, "inferences drawn in the non-movant's favor would not be 'justifiable.'" *Oakley*, 2023 WL 3263618, at *2.

To the extent Plaintiff attempts to mischaracterize the video evidence, *see* Dkt. No. 114 at 12-13, courts have specifically rejected attempts to reframe what a video demonstrates. In *Smith v. United States*, 843 F.3d 509, 514 (D.C. Cir. 2016), for example, the Circuit rejected a similar attempt to "recharacterize[ ]" events depicted on video and granted pre-discovery summary judgment. In that case, plaintiff alleged that he drove up to a barricade outside Capitol Hill and dropped off a passenger when an officer "began to chastise" him; plaintiff made a U-turn to leave the area and the officer inaccurately radioed to others that plaintiff had hit the officer's leg; plaintiff was arrested and charged with assaulting a police officer, and the charges were later dropped. 843 F.3d at 511-12. Plaintiff brought false arrest claims and argued that the video showed that "he drove away from rather than toward" the officer. *Id* at 514. But as the district court concluded and the Circuit affirmed, that argument "merely recharacterizes the events depicted in the video." *Id.* at 514. Plaintiff did not "materially dispute what the video depicts—namely, that from right where [plaintiff] had parked facing the barricade, he pulled away from the curb and made a hasty

8

U-turn to exit the driveway." *Id.* at 513-14. Because the video showed plaintiff "passing very close to the officer," the court concluded that plaintiff's "claim of a 'dispute' over whether he drove 'toward' or 'away' from the officer is about nomenclature, not evidence," and thus did not create a genuine issue of material fact. *Id.*[4] Similarly here, Schulte's argument that "[w]hether he is being led[] or dragged is a matter of inference and interpretation," Dkt. No. 114 at 12, is irrelevant—as either way, the force used was not objectively unreasonable, particularly given the grave security threat posed by possible gun violence in the jail.

Finally, Plaintiff's arguments that the video does not show (1) time spent in an elevator and (2) the entirety of the recreation room, are also irrelevant. Since Plaintiff does not allege that any force was used in an elevator, any video of that area would be immaterial. And drawing all inferences in Plaintiff's favor, Plaintiff's allegations regarding the events off-camera in the recreation room do not constitute unreasonable force.

### III. PLAINTIFF'S REQUEST FOR DISCOVERY SHOULD BE DENIED AS FUTILE

Plaintiff's request for discovery should be denied as to both his FTCA and *Bivens* claims.[5] "A party resisting summary judgment on the ground that it needs additional discovery in order to

---

[4] In a decision issued after Plaintiff filed his opposition brief in this case, the Second Circuit reversed a district court's pre-discovery summary judgment decision based on video evidence, but in circumstances markedly different than here. *Oakley*, 2023 WL 3263618, at *2. In that case, plaintiff alleged that stadium guards used excessive force, and the Circuit concluded that because it could not "confidently match up [plaintiff's] affidavit testimony with the video record," the Circuit could not determine "whether the latter 'blatantly contradicts' the former." *Id*. Here, unlike the plaintiff in *Oakley*, Schulte's declaration precisely matches the video files: Schulte's declaration describes each incident that he claims constitutes excessive force, and each incident is reflected on the video (except for a corner of the recreation room, as addressed infra), permitting this Court to determine whether the video contradicts Plaintiff's allegations.

[5] To the extent Plaintiff argues that this Court should reject Magistrate Judge Gorenstein's Report and Recommendation regarding Plaintiff's purported *Bivens* claims (*see* Dkt. No. 114), that decision is not at issue here, and Plaintiff's objection to the Report and Recommendation remains *sub judice*.

defeat the motion must submit an affidavit pursuant [Rule 56(d)], showing: (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, 13 (2d Cir. 2013) (citation omitted). "The failure to file a Rule 56(d) affidavit sufficiently explaining the need for additional discovery is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *Id.* at 13-14 (citation and quotation marks omitted). Here, Plaintiff fails to explain how any additional facts would be relevant to his excessive force claims. He simply notes that he "has no way of learning about and obtaining any other video or audio that may exist, examining medical records or other institutional records or even simply understanding the physical layout of the location where theses events unfolded." Dkt. No. 114 at 15. But his "understanding [of] the physical layout" is irrelevant to whether excessive force was used. And even if other video or audio exists, or any records related to this incident exist, the current videos already "blatantly disprove" Plaintiff's claims and any other evidence is therefore irrelevant. In any event, Plaintiff has failed to state with "particularity why additional discovery is necessary," and the Court is "well within its discretion" to deny his request. *Crye Precision LLC v. Duro Textiles*, LLC, 689 F. App'x 104, 108 (2d Cir. 2017) (affirming denial of Rule 56(d) request).

Finally, Plaintiff is not entitled to discovery on his Bivens claims because, as Judge Gorenstein found, he has failed to plead a legally cognizable claim against the Individual Defendants. *Main St. Legal Servs. v. NSC,* 811 F.3d 542, 567 (2d Cir. 2016) ("A plaintiff who has failed adequately to state a claim is not entitled to discovery.").

10

## CONCLUSION

For the foregoing reasons, the Court should grant the Defendants' motion for summary judgment.

Date: New York, New York
May 15, 2023

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By:   */s/ Ellen Blain*
ELLEN BLAIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2743
Email: ellen.blain@usdoj.gov