DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: ELLEN BLAIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2743
E-mail: Ellen.Blain@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSHUA ADAM SCHULTE,

                Plaintiff,

              -v-

UNITED STATES OF AMERICA, TIMOTHY
VALENTINE, JOHN BARRETT, BRIAN
THIROWAY, MICHAEL SINKVICH, MARK BURNS,
MICHAEL GETCHEY, JAMEY WELCH, and
UNKNOWN BOP OFFICERS THAT HAVE NOT YET
BEEN IDENTIFIED,

                Defendants.

20 Civ. 2795 (PGG) (GWG)

---

**DEFENDANTS' REPLY AND RESPONSE TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' RULE 56.1 STATEMENT AND PLAINTIFF'S STATEMENT OF
ADDITIONAL MATERIAL FACTS**

Pursuant to Local Civil Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendants Timothy Valentine, John Barrett, Brian Thiroway, Michael Sinkovich, Mark Burns, Michael Getchey, Jamey Welch (together, the "Individual Defendants"), and the United States of America (together, "Defendants"), by their attorney, Damian Williams, United States Attorney for the Southern District of New York, respectfully (1) reply to Plaintiff's purported disputes in response to Defendants' Statement of

Undisputed Material Facts Pursuant to Local Rule 56.1 ("56.1 Statement"); and (2) responds to Plaintiff's Statement of Additional Material Facts.

**I. Reply to Plaintiff's Purported Disputes to Defendant's 56.1 Statement**

Plaintiff purports to dispute seven out of thirteen assertions of fact asserted in Defendants' 56.1 Statement. These purported disputes, however, fail to create any genuine issue of material fact.

Paragraph 5: Plaintiff purports to dispute the "characterization or implication that the provided video captures all interactions" between Plaintiff and the Individual Defendants. But even assuming that there are additional interactions not captured on the video, that does not create a genuine issue of material fact as to whether Defendants used excessive force or committed assault and battery. Drawing all inferences in Plaintiff's favor, his allegations regarding the incidents on and purportedly off camera do not rise to the level of objectively unreasonable force in the context of the "security problem at issue"—a gun concealed among a prison population. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Moreover, Plaintiff does not allege that he sustained anything more than de minimis injury, which undermines his force claims. *See Lemmo v. McKoy*, No. 08–CV4264 (RJD), 2011 WL 843974, at *5 (E.D.N.Y. Mar. 8, 2011). Furthermore, the video underscores that Plaintiff suffered no more than de minimis injury: after the guards left his cell, Plaintiff used both arms to lift his mattress, looked under it, walked around his cell, and looked under his mattress a second time. Dkt. No. 104 at ¶ 40. This video evidence "blatantly contradicts" Plaintiff's claims that he was subject to objectively unreasonable force, such that "inferences drawn in the non-movant's favor would not be 'justifiable'" in this case. *Oakley v. Dolan*, No. 21-2939, 2023 WL 3263618, at *2 (2d Cir. May 5, 2023) (citation omitted).

Paragraph 7:  Plaintiff purports to dispute that "none of the Individual Defendants knocked Plaintiff down, dragged him, and knocked him down again."  But Plaintiff fails to create a genuine issue of material fact by attempting to recharacterize the events depicted by the video, as the video evidence "blatantly contradicts" Plaintiff's claims that he was subject to objectively unreasonable force, such that "inferences drawn in the non-movant's favor would not be 'justifiable.'"  *Oakley v. Dolan*, No. 21-2939, 2023 WL 3263618, at *2 (2d Cir. May 5, 2023) (citation omitted).  And even drawing all inferences in Plaintiff's favor, his allegations do not rise to the level of objectively unreasonable force in the context of the "security problem at issue"—a gun concealed among a prison population.  *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).  Moreover, Plaintiff does not allege that he sustained anything more than de minimis injury, which undermines his force claims.  *See Lemmo v. McKoy*, No. 08–CV4264 (RJD), 2011 WL 843974, at *5 (E.D.N.Y. Mar. 8, 2011).   Furthermore, the video underscores that Plaintiff suffered no more than de minimis injury: after the guards left his cell, Plaintiff used both arms to lift his mattress, looked under it, walked around his cell, and looked under his mattress a second time.  Dkt. No. 104 at ¶ 40.

Paragraph 8:  Plaintiff purports to dispute that the video "demonstrates that none of the Individual Defendants held a gun to Plaintiff's head," asserting that the video shows "at least one guard holding a paintball-like weapon."  But even drawing all inferences in Plaintiff's favor, the assertion that a guard held a paintball-like weapon does not constitute unreasonable force, and thus Plaintiff fails to create a genuine issue of material fact.

Paragraph 9:  Plaintiff disputes that "none of the Individual Defendants shoved Plaintiff's face against the wall of the recreation room."  Drawing all inferences in Plaintiff's favor, Plaintiff does not create a genuine issue of material fact.  First, his allegations regarding the incidents on and purportedly off camera do not rise to the level of objectively unreasonable force in the context

3

of the "security problem at issue"—a gun concealed among a prison population. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Moreover, Plaintiff does not allege that he sustained anything more than de minimis injury, which undermines his force claims. *See Lemmo v. McKoy*, No. 08–CV4264 (RJD), 2011 WL 843974, at *5 (E.D.N.Y. Mar. 8, 2011). Furthermore, the video underscores that Plaintiff suffered no more than de minimis injury: after the guards left his cell, Plaintiff used both arms to lift his mattress, looked under it, walked around his cell, and looked under his mattress a second time. Dkt. No. 104 at ¶ 40.

Paragraph 11: Plaintiff disputes "any inference that he did not suffer physical injury and significant pain from this encounter." Drawing all inferences in Plaintiff's favor, Plaintiff does not create a genuine issue of material fact. First, his allegations regarding the incidents on and purportedly off camera do not rise to the level of objectively unreasonable force in the context of the "security problem at issue"—a gun concealed among a prison population. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Moreover, Plaintiff does not allege that he sustained anything more than de minimis injury, which undermines his force claims. *See Lemmo v. McKoy*, No. 08–CV4264 (RJD), 2011 WL 843974, at *5 (E.D.N.Y. Mar. 8, 2011). Furthermore, the video underscores that Plaintiff suffered no more than de minimis injury: after the guards left his cell, Plaintiff used both arms to lift his mattress, looked under it, walked around his cell, and looked under his mattress a second time. Dkt. No. 104 at ¶ 40. This video evidence "blatantly contradicts" Plaintiff's claims that he was subject to objectively unreasonable force, such that "inferences drawn in the non-movant's favor would not be 'justifiable.'" *Oakley v. Dolan*, No. 21-2939, 2023 WL 3263618, at *2 (2d Cir. May 5, 2023) (citation omitted).

Paragraph 12: Plaintiff disputes that "none of the individual Defendants used excessive force." Drawing all inferences in Plaintiff's favor, Plaintiff does not create a genuine issue of

4

material fact. First, his allegations regarding the incidents on and purportedly off camera do not rise to the level of objectively unreasonable force in the context of the "security problem at issue"—a gun concealed among a prison population. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Moreover, Plaintiff does not allege that he sustained anything more than de minimis injury, which undermines his force claims. *See Lemmo v. McKoy*, No. 08–CV4264 (RJD), 2011 WL 843974, at *5 (E.D.N.Y. Mar. 8, 2011). Furthermore, the video underscores that Plaintiff suffered no more than de minimis injury: after the guards left his cell, Plaintiff used both arms to lift his mattress, looked under it, walked around his cell, and looked under his mattress a second time. Dkt. No. 104 at ¶ 40. This video evidence "blatantly contradicts" Plaintiff's claims that he was subject to objectively unreasonable force, such that "inferences drawn in the non-movant's favor would not be 'justifiable.'" *Oakley v. Dolan*, No. 21-2939, 2023 WL 3263618, at *2 (2d Cir. May 5, 2023) (citation omitted).

Paragraph 13: Plaintiff disputes that that the Individual Defendants used reasonable force. Drawing all inferences in Plaintiff's favor, does not create a genuine issue of material fact. First, his allegations regarding the incidents on and purportedly off camera do not rise to the level of objectively unreasonable force in the context of the "security problem at issue"—a gun concealed among a prison population. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Moreover, Plaintiff does not allege that he sustained anything more than de minimis injury, which undermines his force claims. *See Lemmo v. McKoy*, No. 08–CV4264 (RJD), 2011 WL 843974, at *5 (E.D.N.Y. Mar. 8, 2011). Furthermore, the video underscores that Plaintiff suffered no more than de minimis injury: after the guards left his cell, Plaintiff used both arms to lift his mattress, looked under it, walked around his cell, and looked under his mattress a second time. Dkt. No. 104 at ¶ 40. This video evidence "blatantly contradicts" Plaintiff's claims that he was subject to objectively

unreasonable force, such that "inferences drawn in the non-movant's favor would not be 'justifiable.'" *Oakley v. Dolan*, No. 21-2939, 2023 WL 3263618, at *2 (2d Cir. May 5, 2023) (citation omitted).

**II. Response to Plaintiff's Statement of Additional Material Facts**

Plaintiff asserts seven additional "material facts." As shown below, none of these create any genuine issues of material fact:

14. Mr. Schulte was handcuffed and fully under the control of a contingent of more than 15 officers during this encounter.

Response: Defendants disputes that "more than 15 officers" were involved in this incident, but even so, such an assertion does not create a genuine issue of material fact as to whether Plaintiff was subjected to excessive force, assault or battery.

15. Mr. Schulte was cooperative and offered no resistance to the officers.

Response: Defendants dispute any characterization of Plaintiff's actions, but in any event, such an assertion does not create a genuine issue of material fact as to whether Plaintiff was subjected to excessive force, assault or battery.

16. Mr. Schulte is a small-framed man and is smaller than the guards who exerted direct physical control over him.

Response: Defendants dispute any characterization of the size of Plaintiff relative to the size of the guards, but in any event, such an assertion does not create a genuine issue of material fact as to whether Plaintiff was subjected to excessive force, assault or battery.

17. The video snippets do not capture all of this incident.

Response: Defendants deny that the video footage of this incident fails to capture all relevant interactions sufficient for the Court to determine whether it "blatantly contradicts" Plaintiff's claims that he was subject to objectively unreasonable force, such that "inferences

6

drawn in the non-movant's favor would not be 'justifiable.'" *Oakley v. Dolan*, No. 21-2939, 2023 WL 3263618, at *2 (2d Cir. May 5, 2023).

18. Mr. Schulte is frequently obscured or out of the frame of the video snippets.

Response: Defendants deny that the video footage of this incident fails to capture all relevant interactions sufficient for the Court to determine whether it "blatantly contradicts" Plaintiff's claims that he was subject to objectively unreasonable force, such that "inferences drawn in the non-movant's favor would not be 'justifiable.'" *Oakley v. Dolan*, No. 21-2939, 2023 WL 3263618, at *2 (2d Cir. May 5, 2023).

19. Mr. Schulte was shoved up against the wall of the recreation room.

Response: Defendants deny the characterization that Plaintiff was "shoved" against the wall. In any event, drawing all inferences in Plaintiff's favor, Plaintiff does not create a genuine issue of material fact. First, such an allegation does not rise to the level of objectively unreasonable force in the context of the "security problem at issue"—a gun concealed among a prison population. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Moreover, Plaintiff does not allege that he sustained anything more than de minimis injury, which undermines his force claims. *See Lemmo v. McKoy*, No. 08–CV4264 (RJD), 2011 WL 843974, at *5 (E.D.N.Y. Mar. 8, 2011). Furthermore, the video underscores that Plaintiff suffered no more than de minimis injury: after the guards left his cell, Plaintiff used both arms to lift his mattress, looked under it, walked around his cell, and looked under his mattress a second time. Dkt. No. 104 at ¶ 40. This video evidence "blatantly contradicts" Plaintiff's claims that he was subject to objectively unreasonable force, such that "inferences drawn in the non-movant's favor would not be 'justifiable.'" *Oakley v. Dolan*, No. 21-2939, 2023 WL 3263618, at *2 (2d Cir. May 5, 2023) (citation omitted).

20. Mr. Schulte was, at the time of this search, under the most restrictive conditions of confinement.

Response: Defendants do not dispute that, pursuant to 28 C.F.R. § 501.3, Special Administrative Measures ("SAM") have been implemented regarding Plaintiff's confinement due to his high-risk detainee status. Dkt. No. 37. Defendants dispute any characterization of the current SAMs, and in any event, such an assertion does not create a genuine issue of material fact as to whether Plaintiff was subjected to excessive force, assault, or battery.

Dated: May 15, 2023
      New York, New York

                              DAMIAN WILLIAMS
                              United States Attorney for the
                              Southern District of New York

By:    */s/ Ellen Blain*
       ELLEN BLAIN
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, New York  10007
       Tel.: (212) 637-2743
       E-mail: Ellen.Blain@usdoj.gov